UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
J.C.,                                                             :
                                                                  :
                    Plaintiff,                                    :
                                                                  :
     -against-                                                    :   Case No.
                                                                  :
ROBERT ALLEN ZIMMERMAN a/k/a BOB                                  :
DYLAN,                                                            :
                                                                  :
                    Defendant.                                    :
                                                                  :
                                                                  :
------------------------------------------------------------------x

## DEFENDANT BOB DYLAN'S NOTICE OF REMOVAL

Defendant Bob Dylan hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Defendant states as follows:

## THE REMOVED ACTION

1.     On August 13, 2021, Plaintiff, who has so far identified herself only by her initials, "J.C.," filed a Complaint and Demand for Jury Trial in the Supreme Court of the State of New York, New York County (Index No. 951450/2021).  The Complaint is attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).  On August 31, 2021, the Court filed a series of Case Management Orders, docket numbers 2 through 8, related to its management of cases proceeding under the Child Victims Act, 22 NYCRR 202.72.  The Case Management Orders are attached hereto as Exhibits B, C, D, E, F, G, and H.  Plaintiff served the Complaint on Defendant on December 13, 2021.  Plaintiff filed the Affirmation of Service on December 27, 2021, attached hereto as Exhibit I.  Plaintiff filed an Amended Complaint on December 27, 2021, attached hereto as Exhibit J.  Defendant filed his Answer on January 6, 2022, attached hereto as Exhibit

K. Defendant filed his Notice of Deposition of J.C. on January 6, 2022, attached hereto as Exhibit L. Defendant filed his Corrected Answer on January 6, 2022, attached hereto as Exhibit M.

      2.      This action is a New York tort liability suit. Plaintiff alleges that Defendant is liable for Assault, Battery, False Imprisonment, and Intentional Infliction of Emotional Distress. Ex. J ¶¶ 15–39. Plaintiff alleges that she has "sustained physical and psychological injuries . . . of a permanent and lasting nature, and J.C. has and/or will become obligated to expend sums of money for treatment." Ex. J ¶ 14.

      3.      No additional pleadings have been filed in this matter.

## GROUNDS FOR REMOVAL

      4.      Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action. There is complete diversity between the parties and the amount in controversy exceeds $75,000. Removal is proper under 28 U.S.C. §§ 1441 and 1446.

## DIVERSITY OF CITIZENSHIP

      5.      This action is removable because the requirements of 28 U.S.C. § 1332 for diversity jurisdiction are met. There is complete diversity of citizenship for purposes of federal jurisdiction.

      6.      Plaintiff is a citizen of the State of Connecticut. Plaintiff asserts that she "currently resides in Greenwich, Connecticut" (Ex. J ¶ 3), and thus satisfies the first prong of the domicile test. *See Cornwall Mgmt. Ltd. v. Thor United Corp.*, 2013 WL 5548812, at *3 (S.D.N.Y. Oct. 8, 2013). Absent any evidence to the contrary, it is reasonable to believe that Plaintiff intends to remain in Connecticut, satisfying the second prong of the domicile test. *See id*. Therefore, Plaintiff is a citizen of Connecticut.

7.     Plaintiff's Summons correctly states that Defendant is domiciled in the State of California.  Ex. A at 1.  Defendant intends to remain domiciled in California, and is thus a citizen of California.  *See id.*  Therefore, there is complete diversity.

## AMOUNT IN CONTROVERSY

8.     Under N.Y. CPLR 3017, a plaintiff seeking to recover for personal injuries is prohibited from pleading a specific amount of damages in a complaint; however, Defendant can assert with reasonable probability that the sum demanded by Plaintiff exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A).

   a.     To satisfy the amount in controversy requirement "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 87.

   b.     Plaintiff alleges that Defendant is liable for Assault, Battery, False Imprisonment, and Intentional Infliction of Emotional Distress.  Ex. J ¶¶ 15–39.  Plaintiff alleges that she has "sustained physical and psychological injuries . . . of a permanent and lasting nature, and J.C. has and/or will become obligated to expend sums of money for treatment."  Ex. J ¶ 14.

   c.     Plaintiff seeks past, present, and future damages related to her alleged injuries, to be determined at trial.  Ex. J ¶¶ 19–20; 25–26; 31–32; 37–39.

   d.     Finally, Plaintiff seeks punitive damages, which is highly relevant to the question of the amount in controversy.  *See Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l – New York Branch, Inc.*, 821 F. App'x 32, 35 (2d Cir. 2020) ("[I]f

3

punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied.") (quoting *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991)); *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 804 (3d Cir. 2017), *as amended* (Feb. 8, 2017) ("A claim for punitive damages must be considered in determining the amount in controversy . . . .'") (citation omitted).

    e.    The Supreme Court of the State of New York permits recovery in excess of $75,000.

    f.    While Defendant wholly denies the allegations in the Complaint, based on the nature of the allegations, and damages sought in comparable actions, it is clear that the alleged damages Plaintiff will seek at trial will amount to more than $75,000. *See Doe v. Roman Cath. Diocese*, 2021 WL 790834, at *3–4 (N.D.N.Y. Mar. 2, 2021). As such, "removal of this case to federal court" is not "premature because the Amended Complaint did not state an amount in controversy" since Defendant "'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Jean-Louis v. Carrington Mortgage Servs., LLC*, 849 Fed. Appx. 296, 299 n.15 (2d Cir. 2021) (quoting *Dart*, 574 U.S. at 89).

## REMOVAL TO THIS DISTRICT IS PROPER

9.    Removal to this District is proper because the Supreme Court of the State of New York, County of New York, where the underlying state action was filed, is within the Southern District of New York. *See* 28 U.S.C. § 1446(a).

## DEFENDANT WILL COMPLY WITH THE WRITTEN NOTICE REQUIREMENT

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the state court action is pending.

## RESERVATION OF RIGHTS

11. By filing this Notice of Removal, Defendant does not waive and expressly reserves any rights, claims, actions, defenses, arguments, or set-offs to which he is or may be entitled in law or at equity, including any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. Defendant does not concede that Plaintiff has pleaded any claim upon which relief may be granted. Defendant reserves the right to amend or supplement this Notice as may be appropriate.

Wherefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, New York County. Defendant respectfully requests that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal.

Dated: January 12, 2022  
       Buffalo, NY

Respectfully submitted,  
HURWITZ & FINE, P.C.

By:  /s/ Andrea Schillaci  
    Andrea Schillaci  
    Hurwitz & Fine, P.C.  
    AS@hurwitzfine.com  
    1300 Liberty Building  
    Buffalo, NY 14202  
    Telephone: 716-849-8900

    Orin Snyder  
    Brian Ascher  
    Greta Williams  (*pro hac vice forthcoming*)  
    Jeremy Bunting  
    OSnyder@gibsondunn.com  
    BAscher@gibsondunn.com  
    GBWilliams@gibsondunn.com  
    JBunting@gibsondunn.com  
    Gibson, Dunn & Crutcher LLP  
    200 Park Avenue  
    New York, NY 10166-0193  
    Telephone: 212.351.4000  
    *Attorneys for Defendants*