# Exhibit K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
:
J.C., :
:
Plaintiff, :
:
-against- :
:
ROBERT ALLEN ZIMMERMAN a/k/a BOB : Index No. 951450/2021
DYLAN, :
: **ANSWER TO AMENDED COMPLAINT**
Defendant. :
: JURY TRIAL DEMANDED
:
:
:
:
:
:
-----------------------------------------------------------------x

      Defendant Mr. Bob Dylan, by and through his undersigned counsel, answers each according to his own knowledge the allegations contained in the Complaint of J.C., and states his affirmative defenses. Unless expressly admitted, all allegations in the Complaint are denied.

## **DEFENDANT'S INTRODUCTION**

      This case—based on Plaintiff's alleged interactions with Bob Dylan more than 56 years ago—is a brazen shakedown masquerading as a lawsuit. It was filed in bad faith for the improper purpose of extracting a huge payout on the threat of negative publicity. The allegation is false, malicious, reckless and defamatory. Mr. Dylan will not be extorted. Mr. Dylan will vigorously defend himself against these lawyer-driven lies and seek redress against all those responsible, including by seeking monetary sanctions against persons responsible for manufacturing and bringing this abusive lawsuit.

      According to her own website, Plaintiff is a psychic who specializes in "channeling" the deceased loved ones of grieving families—for a fee. Plaintiff has publicly claimed that:

- she has been abducted by aliens and piloted their spaceship;

- she "channels" the dead, including Harry Houdini;

- she speaks to cats, dogs, and other animals – alive and dead – as well as insects and plants;

- she can divine signs from lipstick smudges, coffee grinds, tea leaf residue, crystals, playing cards, and palms.

While the complaint contains almost no particulars regarding Plaintiff's alleged interactions with Mr. Dylan in 1965, investigation has revealed that her claim is based on a fantastical and fictitious story being exploited for financial gain. When the full supposed "facts" come to light, the world will learn just how ludicrous they are, and will see this bad faith lawsuit for what it is—a pernicious attempt to extort Mr. Dylan. At this time, it is sufficient to say that her allegation is untrue, absurd and a chronological impossibility.

Plaintiff's allegation is also a moving target. She told a very different story about her alleged interactions with Mr. Dylan to a journalist, Mr. Daryl Sanders, in 2017. Mr. Sanders did not believe Plaintiff's account was true and refused to report it. Similarly, in the aftermath of Plaintiff filing her Complaint on August 13, 2021, numerous scholars and historians pointed out the allegation was chronologically impossible because Mr. Dylan's whereabouts on tour and engagement in other professional activities outside New York and North America during April and May 1965 are well-documented. The Amended Complaint makes a single change, altering the timeline from "April and May" to "the spring of 1965," a glaring—but still unsuccessful— attempt to repair this fatal chronological defect in the original Complaint.

Mr. Dylan may have seemed like an easy mark for the lawyers who filed and hoped to profit off of this fraudulent lawsuit. They likely assumed he would not be up for the fight and would instead pay extortion to avoid the burden, publicity and expense of defending himself.

They could not have been more wrong. Mr. Dylan seeks and will achieve justice, vindication and full accountability.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S ALLEGATIONS

1. Mr. Dylan denies the allegations contained in Paragraph 1.

2. The allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 2.

3. Mr. Dylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Mr. Dylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 5.

6. Mr. Dylan's accolades speak for themselves.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 7.

8. Mr. Dylan denies the allegations contained in Paragraph 8.

9. Mr. Dylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Mr. Dylan denies the allegations contained in Paragraph 10.

11. Mr. Dylan denies the allegations contained in Paragraph 11. Mr. Dylan's movements during this period of his life are well-documented. In the spring of 1965, it is easily proven that Mr. Dylan was on a tour of the United States, and later, the U.K.

12. Mr. Dylan denies the allegations contained in Paragraph 12.

13. Mr. Dylan denies the allegations contained in Paragraph 13.

14. Mr. Dylan denies the allegations contained in Paragraph 14.

15. Mr. Dylan incorporates by reference his responses to Paragraphs 1 through 14.

16. Mr. Dylan denies the allegations contained in Paragraph 16.

17. Mr. Dylan denies the allegations contained in Paragraph 17.

18. Mr. Dylan denies the allegations contained in Paragraph 18.

19. Mr. Dylan denies the allegations contained in Paragraph 19.

20. Mr. Dylan denies the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 21.

22. Mr. Dylan incorporates by reference his responses to Paragraphs 1 through 21.

23. Mr. Dylan denies the allegations contained in Paragraph 23.

24. Mr. Dylan denies the allegations contained in Paragraph 24.

25. Mr. Dylan denies the allegations contained in Paragraph 25.

26. Mr. Dylan denies the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 27.

28. Mr. Dylan incorporates by reference his responses to Paragraphs 1 through 27.

29. Mr. Dylan denies the allegations contained in Paragraph 29.

30. Mr. Dylan denies the allegations contained in Paragraph 30.

31. Mr. Dylan denies the allegations contained in Paragraph 31.

32. Mr. Dylan denies the allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 33.

34. Mr. Dylan incorporates by reference his responses to Paragraphs 1 through 33.

35. Mr. Dylan denies the allegations contained in Paragraph 35.

36. Mr. Dylan denies the allegations contained in Paragraph 36.

37. Mr. Dylan denies the allegations contained in Paragraph 37.

38. Mr. Dylan denies the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, Mr. Dylan denies the allegations contained in Paragraph 39.

**AFFIRMATIVE DEFENSES**

40. The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. In addition, Mr. Dylan presently has insufficient information upon which to form a belief as to whether Mr. Dylan may have additional, as yet unstated, separate defenses available. Mr. Dylan expressly reserves the right to amend this Answer to add, supplement, or modify his affirmative defenses and other defenses based upon legal theories that may be divulged through clarification of the Complaint,

through discovery, or through further legal analysis of Plaintiff's allegations, contentions, and positions in this litigation.

### FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred in whole or in part due to Plaintiff's and/or her agent(s)' own misrepresentations and/or omissions.

### SECOND AFFIRMATIVE DEFENSE

42. Plaintiffs' Complaint fails to state a cause of action and/or fails to state a claim cognizable under the Child Victims Act, (N.Y. CPLR § 214-g).

### THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff's damages, if any, were caused by intervening and/or superseding cause(s).

### FIFTH AFFIRMATIVE DEFENSE

45. The Plaintiff's injuries, if any, were caused in whole or in part by a person or persons who were not within the control of Mr. Dylan.

### SIXTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred by the doctrine of laches; the unreasonable delay in filing the present action is prejudicial to Mr. Dylan.

### SEVENTH AFFIRMATIVE DEFENSE

47. The Child Victims Act (N.Y. CPLR § 214-g) violates Mr. Dylan's Due Process rights under the Fourteenth Amendment of the U.S. Constitution and Article I, Section 6 of the New York State Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

48. As described above, there is no basis for an award of punitive damages. Rather, the baseless, outrageous, and irresponsible claims asserted in this action support the imposition of sanctions.

## NINTH AFFIRMATIVE DEFENSE

49. As described above, Plaintiff's Complaint is barred because the claims therein are a fraud upon the Court.

Dated: January 6, 2021
       Buffalo, NY

Respectfully submitted,

HURWITZ & FINE, P.C.

By: /s/ Andrea Schillaci
Andrea Schillaci
Hurwitz & Fine, P.C.
AS@hurwitzfine.com
1300 Liberty Building
Buffalo, NY 14202
Telephone: 716-849-8900

Orin Snyder
Brian Ascher
Greta Williams
Jeremy Bunting
OSnyder@gibsondunn.com
BAscher@gibsondunn.com
GBWilliams@gibsondunn.com
JBunting@gibsondunn.com
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
*Attorneys for Defendants*

## VERIFICATION

I, Andrea Schillaci, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirm under penalty of perjury pursuant to CPLR 2106, that the following is true and correct:

1. I am a partner in the law firm Hurwitz & Fine, P.C., attorneys for the Defendant.

2. I have reviewed the foregoing Answer and know the contents thereof. The same are true to my knowledge based on correspondence with and interviews of the Defendant in this action.

3. This affirmation is not made by Defendant because Defendant is not currently in the county where the undersigned maintains her office for the practice of law.

Dated:  January 6, 2021
        Buffalo, NY

                                            By:  /s/ Andrea Schillaci