# PETER J. GLEASON, PC

PETER J. GLEASON
ATTORNEY AT LAW

935 SOUTH LAKE BLVD.
SUITE 17
MAHOPAC, NEW YORK 10541
(646) 872-3546
FAX: (212) 431-3378
PJGLEASON@AOL.COM

March 6, 2022

VIA ECF
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   J.C. v. Zimmerman: 1:22-cv-00323-KPF

Dear Judge Polk Failla,

    Pursuant to your individual rules this is to request that an in person pre-motion conference be held where Plaintiff will seek the recusal of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") as counsel to the Defendant. As the Court calendar indicates, this matter is presently scheduled for the initial pretrial conference on March 18, 2022 at 10:00 a.m. Counsel for the Defendant objects to this request, claiming it would be sanctionable.

    The undersigned counsel for plaintiff is a former client of Gibson Dunn having been represented by partner Randy Mastro. The basis of this application concerns defense counsel, Gibson Dunn partner Orin Snyder and more specifically his tactic of making Plaintiff's attorneys the focal point of his purported defense. To wit, Mr. Snyder, by dint of the following statement (which was part of his written correspondence dated January 6, 2022) now is attacking me, a former client, with the very same subject matter his firm, while they represented me, vetted and knows to be false:

> Since we did not initially know the identity of the Plaintiff, we begun by investigating her attorneys. Mr. Peter Gleason has a public record that includes misrepresenting his short tenure in the New York City Fire Department, suing his law professor and accusing her of flunking him for making anti-feminist remarks in class, and allegedly abusive behavior toward the mother of his child, all of which was exposed by the Village Voice during an unsuccessful run for City Council.

    But for Mr. Snyder making these allegations a central part - or any part - of his client's defense there would be no conflict. However, Mr. Snyder's ad hominem attack

# PETER J. GLEASON
ATTORNEY AT LAW

places his firm in conflict and puts Mr. Mastro in a position to be called as a character witness in defending Mr. Snyder's attacks on my integrity. While I agree that Gibson Dunn's previous representation of me is not substantially related to the instant litigation, Mr. Snyder's actions, by putting my integrity at issues using matters his firm knows to be false, creates a conflicting relationship that warrants his removal from this matter.

Additionally, at this conference the Plaintiff seeks to discuss Mr. Snyder's, conduct which has crossed the line from aggressive litigation to extortion. Extortion within litigation is nothing new to this courthouse. See *U.S. v. Avenatti*, 19 Cr. 373 (PGG), S.D.N.Y.

Here, Mr. Snyder's defense strategy demanded that Mr. Isaacs and I immediately withdraw the complaint against the defendant, with prejudice. If we refused, he threatened to employ all the resources available to him and his client to rain ruin against us personally and professionally. Snyder made this extortionate demand in a letter to Mr. Isaacs dated January 6, 2022.

Mr. Isaacs and I filed this lawsuit on behalf of a child sexual abuse victim in good faith and sought a jury trial on its merits. That's how the court system is meant to operate. Mr. Snyder's threats to destroy us, two solo practitioners, if we do not drop our client's suit is beyond abusive litigation--it's reverse Avenatti extortion.

Thank you in advance for your attention in this matter. I remain

Very Truly Yours,

PETER GLEASON

PJG/ep