**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

March 7, 2022

*VIA ECF*
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   *J.C. v. Zimmerman*, 22-cv-323-KPF

Dear Judge Polk Failla:

We represent Defendant Bob Dylan in this action.  We respectfully submit this letter in response to Plaintiff's March 6, 2022 letter requesting permission to file a motion to disqualify Gibson Dunn as counsel for Defendant.  As demonstrated below, there is no basis whatsoever for disqualification.  Plaintiff's request is so utterly lacking in merit it can only have been made in bad faith as a tactical device.  In fact, counsel is affirmatively using this meritless disqualification issue as a device to avoid their discovery obligations.  Plaintiff's counsel cancelled and now refuses to participate in a Rule 26 conference.  Their request to file a disqualification motion should be summarily denied.  Mr. Gleason should also be sanctioned for wasting everyone's time with this misuse of the docket.

Mr. Gleason's letter ends with a gratuitous request to discuss my conduct, falsely saying I "threatened to … rain ruin against [him and his co-counsel] personally and professionally."  As discussed below, I did no such thing; the accusations against me are as unsupported as they are improper.

**Legal Standard.**  "In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny."  *Scantek Med., Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008).  "Disqualification is warranted when three conditions are met:  (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client."  *Id.* (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)).

**Gibson Dunn Has Never Represented Plaintiff**.  There is no prior representation of an adverse party here.  Mr. Gleason has cited no cases, and we are aware of none, disqualifying counsel based on counsel's prior representation of an adverse party's **lawyer**.  The absence of any prior representation of Plaintiff is fatal to Mr. Gleason's position.  *See, e.g.*, *Gurniak v. Emilson*, 995 F. Supp. 2d 262, 272 (S.D.N.Y. 2014) (counsel's prior representation of

**GIBSON DUNN**

Hon. Katherine Polk Failla
Page 2

moving party's boyfriend could not satisfy the first prong of the test for disqualification).

***There Is No Relationship Between the Term Limits Matter and this Case***.  Even *were* counsel adverse to a former <u>client</u>—an issue not present here—courts routinely permit the representation where there is no "substantial relationship between the subject matter" of the two engagements.  *Scantek Med., Inc.*, 693 F. Supp. 2d at 238.  "The second prong is established 'only upon a showing that the relationship between issues in the prior and present cases is 'patently clear.'  Put more specifically, disqualification has been granted or approved recently only when the issues involved have been 'identical' or 'essentially the same.'" *Revise Clothing, Inc. v. Joe's Jeans Sub., Inc.*, 687 F. Supp. 2d 381, 392 (S.D.N.Y. 2010) (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 747, 739–40 (2d Cir. 1978)).  Plaintiff does not even attempt to meet this strict standard.

Gibson Dunn briefly represented Mr. Gleason and nearly 30 other public officials and aspiring public officials on a pro bono basis in 2008 and 2009 in litigation challenging the constitutionality of New York City's term limits legislation.  *Molinari v. Bloomberg*, No. 08-cv-04539 (E.D.N.Y.).  As Mr. Gleason himself concedes, that matter is "not substantially related" to this case.  ECF No. 15 at 2.  There is no relationship of any kind—let alone the required "substantial" one—between this action against Mr. Dylan and the term limit litigation brought against former Mayor Bloomberg.  This case involves tort claims brought by one individual against another concerning alleged events in 1965.  The term limits case involved constitutional claims brought by nearly 30 individuals regarding 2008 legislation extending political office term limits.  The issues involved in the two matters could not be more different.

***Mr. Gleason Fails to Identify Any Relevant Privileged Information to Which Gibson Dunn Has Access***.  Mr. Gleason alleges Gibson Dunn has sought "to put[] [his] integrity at issue using matters" about which he supposedly previously provided privileged information to the firm, without even attempting to explain the nature of the supposed privileged information.  ECF No. 15 at 2.  This is clearly insufficient to satisfy the third requirement for disqualification.[1]  *Revise Clothing*, 687 F. Supp. 2d at 395 (disqualification motion denied where moving party "was vague about the specific information allegedly conveyed," which he "did not identify in any detail").  Further, none of the Gibson Dunn attorneys representing Defendant in this action previously worked on the term limits matter or are aware of any privileged information of any kind or from any source related to that matter.  In addition, my firm has committed to institute an ethical screen, obviating any of Mr. Gleason's purported (but unfounded) concerns.

***Mr. Gleason's Frivolous Disqualification Request Warrants Sanctions***.  Mr. Gleason's decision to plow ahead with this frivolous application—after being informed it has no legal support and that Gibson Dunn would institute an ethical screen, even though no screen is necessary—is sanctionable.  "A pleading, motion or other paper violates Rule 11 either when

---

[1]  To the extent this allegation pertains to the reference to an August 2009 newspaper article regarding Mr. Gleason in my January 6, 2022 letter to Mr. Gleason's co-counsel, this reference to the contents of a ***publicly-available*** newspaper article did not—and, by definition, could not—involve the improper use or disclosure of any privileged information.

**GIBSON DUNN**

Hon. Katherine Polk Failla
Page 3

it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Sorenson v. Wolfson*, 683 Fed. Appx. 33, 35 (2d Cir. 2017). As demonstrated above, Mr. Gleason's fanciful position is "wholly without merit." *Greater Buffalo Press, Inc. v. Fed. Reserve Bank of N.Y.*, 129 F.R.D. 462, 467 (W.D.N.Y. 1990) (awarding Rule 11 sanctions for frivolous disqualification motion). "No statutes or cases were cited in support of his position" and "no reasonable attorney" could believe disqualification is warranted under the law. *Id.* Even without a finding of improper purpose, this alone warrants Rule 11 sanctions. *See id.* Gibson Dunn put Mr. Gleason on notice his position was utterly frivolous, and offered to address any professed concern by implementing an ethical screen. But he ignored our warnings and offer, which supports a strong inference "the true purpose of filing the motion[] was to delay and to harass." *Id.* Indeed, counsel for Plaintiff has twice cancelled the parties' Rule 26(f) conference, the second time on the basis of this disqualification effort. Because Mr. Gleason's "papers contained accusations based on alleged actions or events in other cases involving Mr. [Gleason] but not involving this client," it is appropriate for sanctions to be borne by Mr. Gleason personally. *Id.* Defendant respectfully requests permission to file a motion for Rule 11 sanctions against Mr. Gleason in order to recover Defendant's costs in opposing the disqualification effort and to deter future frivolous motion practice.

\*   \*   \*

Mr. Gleason's letter tacks on a request to discuss my conduct, going so far as to accuse me of "extortion" based on a January 6, 2022 letter I wrote to his co-counsel informing him, as a professional courtesy, of the numerous fatal flaws in Plaintiff's case, and requesting Plaintiff discontinue the action as a result. A letter informing a party's counsel, based on an investigation, their claims are baseless, and reserving rights to pursue all appropriate remedies, could not be further from "extortion."

We are not, as Mr. Gleason suggests, "making Plaintiff's attorneys the focal point" of our defense. To be clear, we have no intention of making Mr. Gleason ***any*** part of the defense. Mr. Gleason is Plaintiff's lawyer. He is not a witness or otherwise relevant to the allegations in the case, that date to 1965. My letter to Mr. Gleason and his co-counsel asking them to withdraw the suit referenced Mr. Gleason's own background not because it is substantively relevant to the claims or defenses in this case. Rather, we referenced his background—which, as publicly reported, suggests a pattern of dishonesty and frivolous litigation—to put counsel on notice we had good reason to doubt their motives here and they could be held accountable for knowingly prosecuting a meritless (or fraudulent) action. As Mr. Gleason knows, his conduct outside of this litigation may be relevant in considering potential sanctions. *See e.g.*, *Greater Buffalo Press*, 129 F.R.D. at 467 (imposing sanctions on attorney personally "[i]n light of similar actions by [the attorney] in other cases"); *Pentagen Techs. Intern. Ltd. v. U.S.*, 172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001) (noting "other courts have also been frustrated by the litigation brought by plaintiffs' counsel" and imposing Rule 11 sanctions).

I would welcome the opportunity to discuss with the Court these issues, including Plaintiff's counsel's refusal to meet and confer regarding discovery in compliance with Rule 26(f).

GIBSON DUNN

Hon. Katherine Polk Failla
Page 4

Respectfully,

/s/ Orin Snyder

cc: All counsel of record (via ECF)