# PETER J. GLEASON, PC

PETER J. GLEASON
ATTORNEY AT LAW

935 SOUTH LAKE BLVD.
SUITE 17
MAHOPAC, NEW YORK 10541
(646) 872-3546
FAX: (212) 431-3378
PJGLEASON@AOL.COM

March 10, 2022

VIA ECF
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square Room 2103
New York, New York 10007

Re: J.C. v. Zimmerman 22-cv-323-KPF (S.D.N.Y.)

Dear Judge Polk Failla:

    The undersigned, together with Daniel W. Isaacs, Esq., represent the Plaintiff, J.C., in the above matter. This letter is submitted to address Defendant's contemplated motion for sanctions pursuant to the Court's Memo Endorsement dated March 8, 2022. As set forth below, the arguments set forth in Orin Snyder, Esq.'s March 7, 2022, Letter Motion for Conference ("the March 7 Letter") are fatally flawed and misrepresent the pertinent facts. Moreover, Defendant's request for sanctions pursuant to Rule 11 is premature and must therefore be summarily denied.

    As an initial matter, on Page 3 of the March 7 Letter Mr. Snyder wrote to Your Honor that "we have no intention of making Mr. Gleason **any** part of the defense." Apparently, Mr. Snyder did not read the Answer filed by his firm, which alleges in the introductory paragraph that "Mr. Dylan will vigorously defend himself against these **lawyer-driven** lies and seek redress against all those responsible, including by seeking monetary sanctions against persons responsible for manufacturing and bringing this abusive lawsuit." (emphasis added).

    It is therefore clear, contrary to Mr. Synder's representation to this Court, that making Plaintiff's counsel an issue is an essential part of the defense strategy and is exactly what they intend to do. Indeed, Mr. Synder previously accused my co-counsel, Dan Isaacs, of "either colluding with Plaintiff in a knowing fraud or taking advantage of a delusional mind."

    Indeed, Mr. Snyder makes clear he owes me little or no duty as a former client of Gibson Dunn, noting that their representation was *Pro Bono*. Rather, he states in the March 7 Letter that he investigated me and Mr. Isaacs, referencing my "background -

The Honorable Katherine Polk Failla
Page 2
March 10, 2022

which as publicly reported, suggests a pattern of dishonesty and frivolous litigation - to put counsel on notice we had good reason to doubt their motives...".

Mr. Snyder's characterization is in stark contrast to the Declaration that was filed by Gibson Dunn during their representation of me in the *Molinari et al v. Bloomberg et al* 1:08-cv-04539-CPS-JO (EDNY), a copy of which is enclosed for the Court's review. (Exhibit A) The article cited by Mr. Snyder, which he is now using to attack me personally, was published by the *Village Voice* during the same election cycle as when the Declaration was created.

Moreover, as Mr. Snyder well knows, on May 19, 2014 the Second Circuit Court of Appeals upheld my lawsuit against the FDNY for stealing my medical records and persuading a *Village Voice* journalist, Wayne Barrett, to publish false statements regarding a serious back injury I suffered when hit by a motor vehicle during my service as a firefighter. *Gleason v. Scoppetta, et al* 13-cv-2770 (EDNY). Mr. Snyder's partner, Randy Mastro, was fully familiar with my FDNY service. The matter was remanded to the EDNY with a settlement in my favor.

It should be further noted that life is full or ironies. The *Village Voice*, the esteemed publication upon which Mr. Snyder relies, was closed after its parent company, Backpage.com, was criminally indicted in the United States District Court for the District of Arizona for the promotion of child prostitution and money laundering.

It is respectfully submitted that this Court cannot countenance Mr. Snyder's conduct, who seeks to create diversionary issues that have no bearing on the instant matter using an article from a criminally indicted media outlet while ignoring his firm's endorsement of my integrity. Whether Mr. Snyder likes it or not I am owed a duty as a former client of Gibson Dunn, whether their representation was Pro Bono or not. By inappropriately interjecting matters he knows to be false into the instant litigation – my personal probity - he has conflicted his firm.

Indeed, if Mr. Dylan came up with the theory that this case is "lawyer driven lies" then Gibson Dunn has a conflict of interest because it knows that I am not a liar, and it was therefore incumbent upon Mr. Snyder to have informed Mr. Dylan of this fact. Alternatively, if Gibson Dunn invented this baseless theory that they knew to be false, they are the one should be sanctioned.

It should also be noted that Defendant's contemplated motion for sanctions is premature and therefore procedurally defective. Specifically, Rule 11(c)(2) of the Federal Rules of Civil Procedure (FRCP) provides in relevant part:

The Honorable Katherine Polk Failla
Page 3
March 10, 2022

      Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

    Accordingly, if Defense counsel had any objections, they should have served me first to permit me the opportunity to withdraw my request under Rule 11's 21-day "safe harbor." They failed to do so and the request for sanctions must be summarily denied.

    Thank you, in advance, for your consideration. I remain

                                  Very Truly Yours,

                                  PETER GLEASON

PJG/ep