UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
J.C.,

               Plaintiff,

   -against-

ROBERT ALLEN ZIMMERMAN a/k/a BOB DYLAN,

               Defendant.
------------------------------------------------------------x

Case No. 22-cv-323-KPF

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Stipulation and Order") govern disclosure and use by the parties of all documents, including but not limited to electronically stored information, testimony, exhibits, and any other materials and information produced or provided, in the above-captioned action (the "Action").

**I.    DEFINITIONS**

1.    Party:  Any named party to this Action, as well as any employees or consultants retained by a Party and involved in the prosecution or defense of this action.

2.    Discovery Material:  All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, or tangible things) that are produced or disclosed in this Action, whether voluntarily or in response to any discovery request, interrogatory, deposition notice, subpoena, or request for admission served in this Action.

3. <u>Confidential Information or Discovery Material</u>: Discovery Material that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, proprietary, or sensitive information, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Confidential Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party.

4. <u>Disclosing Party</u>: A Party or non-party that produces Discovery Material in this Action.

5. <u>Receiving Party</u>: A Party that receives Discovery Material from a Disclosing Party in this Action.

6. <u>Designating Party</u>: A Party or non-party that designates Discovery Material as Confidential.

7. <u>Counsel</u>: Outside counsel of record representing a named party to this Action in the prosecution or defense of this Action and other attorneys affiliated with their law firms, along with their paralegals, clerical staff, and support staff, including any temporary or contract staff.

8. <u>Expert</u>: A person who is not a Party or employee of a Party and who has been retained by a Party or its Counsel to serve as an expert witness or as an expert consultant in the prosecution or defense of this Action, including his or her employees and support personnel.

9. <u>Acknowledgment</u>: The Acknowledgment and Agreement to be Bound by Stipulation and Protective Order, attached hereto as Attachment A.

## II. GENERAL PROVISIONS

1. Discovery Material produced or disclosed in this action may be used by the Receiving Party solely for the prosecution or defense of this Action and not for any other purpose.

2. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of information that is available to the public, or of information lawfully available to that party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in this Action.

3. The protections conferred by this Stipulation and Order cover Confidential Discovery Material and (1) any information copied or extracted from Confidential Discovery Material, including metadata or underlying code; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any oral, written, or electronic communications, testimony, conversations or presentations (including for purposes of settlement) by Parties or their Counsel that might reveal Confidential Information. However, the protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (2) any documents or information possessed by the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Disclosing Party.

4. Any use of Confidential Information at trial shall be governed by a separate agreement or order.

5.      This Stipulation and Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all.

6.      Any Party issuing a subpoena to a non-party shall enclose a copy of this Stipulation and Order.

### III.    DESIGNATING CONFIDENTIAL DISCOVERY MATERIAL

1.      The Disclosing Party may, subject to the provisions of this Stipulation and Order, designate Discovery Material as Confidential. The Disclosing Party shall apply a confidentiality designation only when that party has a reasonable, good faith basis that the information so designated constitutes Confidential Discovery Material.

2.      Except as otherwise provided in this Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Stipulation and Order by clearly designating the material before it is disclosed or produced.

3.      The designation of materials as Confidential shall be made as follows:

a.  For ESI, by either (1) imprinting the term "CONFIDENTIAL" on the face of each page of a document so designated; (2) affixing a stamp with "CONFIDENTIAL" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; or (3) designating the production as "CONFIDENTIAL" in the transmittal cover letter.

b.  For produced documents, by imprinting "CONFIDENTIAL" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

c.  For written discovery responses, by imprinting the term "CONFIDENTIAL" next to or above any response to a discovery request or on each page of a response.

       d.  For testimony and any exhibits, documents, or other materials referenced during the giving of testimony, by making a statement on the record indicating which portions of the testimony, transcript, and/or responses shall be treated as Confidential.  Alternatively, within thirty (30) days of receipt of the transcript or recording of such deposition or other pretrial proceedings, any Party may designate such transcript, exhibits, documents, or materials, or any portions thereof, as Confidential.  During the 30-day period following the receipt of the transcript of the deposition or pretrial proceeding, all Parties shall treat the entire transcript of testimony as if it had been designated Confidential.  There is no duty to object to a designation for a Party to preserve its rights to challenge the designation.

       e.  For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) the term "CONFIDENTIAL."

**IV.**    <u>**ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**</u>

    1.    <u>Disclosure of Confidential Information</u>:  Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose any Information or Discovery Material designated as Confidential only to the following persons:

       a.  The Court and court personnel in this Action and any appellate court in this Action;

       b.  The Receiving Party's Counsel, and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such Counsel;

       c.  Experts or consultants retained for the purpose of assisting counsel in the Action and who have executed the Acknowledgement;

       d.  The Receiving Party and any employees of the Receiving Party to the extent Counsel for the Receiving Party determines in good faith that any such person's review of the

Confidential Information would be helpful for the prosecution or defense of this Action, and provided that, before receiving Confidential information, such person has either (a) executed the Acknowledgment; or (b) been provided with a copy of this Stipulation and Order, and has been informed of and accepted the obligation not to disclose any Confidential Information or Discovery Material to persons other than those specifically authorized by the Stipulation and Order without express written consent of the party who designated the information as Confidential or order of the Court;

  e. Stenographic reporters and videographers retained to transcribe or film a deposition, pre-trial, or trial proceeding in this Action;

  f. Persons shown on the face of the document or associated metadata to have authored or received it;

  g. Any person who is a current employee of the Disclosing Party;

  h. Any witness who is called, or who counsel for a Party in good faith believes may be called, to testify at trial or deposition in this action, provided that (1) the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a party's initial disclosures or responses to interrogatories, or has been listed on a party's pre-trial witness list; and (2) such person has executed the Acknowledgment;

  i. Any outside photocopying, data processing, graphic production services, litigation support services, employed by the Parties' Counsel to assist in this Action, provided that such persons have first executed the Acknowledgement;

  j. Any mediator or arbitrator engaged by the Parties to this Action, provided such person has first executed the Acknowledgment;

k. Any other person or entity whom Counsel for the Disclosing Party agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

V. **INADVERTENT FAILURE TO DESIGNATE MATERIALS AS CONFIDENTIAL**

1. A Disclosing Party's inadvertent failure to designate material as Confidential in accordance with the terms of this Stipulation and Order will not, in and of itself, constitute waiver of the Disclosing Party's right to claim such material is Confidential. Any Party who inadvertently fails to identify Discovery Material as Confidential shall have thirty (30) days from the discovery of its oversight to correct its inadvertent error. Such error shall be corrected by providing the Receiving Party written notice of the error and substituted copies of the inadvertently produced Discovery Material bearing the intended designation. The Receiving Party shall thereafter treat the information as Confidential. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Information under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

VI. **INADVERTENT DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE**

1. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and work product doctrine, and is without prejudice to any other Party's right to contest such a claim of privilege or protection.

2. Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

3. If a Disclosing Party believes that Privileged Material was produced, the Disclosing Party shall notify in writing any Party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Federal Rule of Civil Procedure 26 (a "Privileged Material Notice").

4. Within five (5) business days of receipt of a Privileged Material Notice, the Party to whom the Privileged Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below), returned or destroyed, and shall not use such items for any purpose until further order of the Court. The obligation to destroy Privileged Material does not apply to material stored in a manner that makes it unreasonably difficult to destroy, in particular material that is (i) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes or (ii) located in the email archive system or archived electronic files of departed employees, but such retained material shall be treated in accordance with the Stipulation and Order. Notwithstanding the foregoing, the Receiving Party may sequester a copy of relevant Privileged Material, in a secure medium that is segregated from any general document repositories that Receiving Party has established, for purposes of evaluating the claim

of privilege, and of bringing a good faith motion for an order allowing use of such Privileged Material in this Action, which motion (unless the Disclosing Party and Receiving Party otherwise agree) must be brought, under seal, within 30 days of receipt of the Privileged Material Notice.

5. If the Receiving Party determines that it has received Privileged Material, the Receiving Party shall notify the Producing Party that it may have received Privileged Material. If the Producing Party confirms within three (3) business days that the material is in fact Privileged Material that was inadvertently produced, the Receiving Party shall destroy or return all copies of such Privileged Material to the Disclosing Party within ten (10) business days of the discovery of such information and shall provide a certification of Counsel that all such disclosed Privileged Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate, the Disclosing Party will provide a redacted version of such Privileged Material to the Receiving Party within ten (10) business days of the discovery of such Privileged Material.

6. Should the Party to whom the Privileged Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Party in writing and not use or disclose the material until the claim is resolved (except as provided in this paragraph). Following the receipt of any objection, the objecting Party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting party shall promptly present the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection. The production of Privileged Material, whether inadvertent or otherwise, shall not itself serve as the basis of the

motion.  While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules, except that the Receiving Party may use the Discovery Material in support of such motion.  If the Court determines that such material is privileged or protected, the Receiving Party shall return or destroy such disclosed Privileged Material and all copies thereof within (10) ten business days of the Court's ruling.

## VII. RESPONSIBILITY FOR COMPLIANCE AND UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

1. The Party's Counsel who discloses Confidential Discovery Material shall be responsible for obtaining, prior to disclosure and as a condition thereof, the Acknowledgment executed by the person to whom the Counsel discloses the Confidential Material.

2. A Receiving Party shall keep Confidential Discovery Material in a secure area and shall exercise due care to restrict access to only persons authorized by this Order to receive Confidential Discovery Material.  Any copies, excerpts, or compilations of Confidential Discovery Material, whether in oral or written form, shall be subject to this Order to the same extent as the Confidential Discovery Material itself, and, if in written form, must be labeled as "CONFIDENTIAL," consistent with the designation made by the Disclosing Party.  A recipient shall not duplicate any Confidential Discovery Material except for use as working copies or for filing in court.

3. If it comes to a Disclosing Party's attention that any Discovery Materials that it designated as Confidential do not qualify for protection, that Disclosing Party must promptly withdraw the designation and notify all other Parties of the same.

4. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve or ensure the destruction of all unauthorized copies of the Confidential Discovery Material.

### VIII. SUBPOENAS OR REGULATORY REQUESTS CALLING FOR DISCLOSURE OF CONFIDENTIAL INFORMATION

1. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof (the "Enforcement Bodies"), the Party to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant Enforcement Body, promptly, and in no event more than five (5) business days if reasonably practicable, give written notice to the Disclosing Party and include a copy of the subpoena or request.

2. The Party to whom the subpoena is directed also must immediately inform in writing the person who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Stipulation and Order and deliver a copy of this Stipulation and Order promptly to that person.

3. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Party in this case an opportunity to protect its confidentiality interest before the Enforcement Body from which the subpoena or order is issued. The Disclosing Party shall bear all responsibility for any objections to the production of such Discovery Materials, except that the Party receiving any subpoena shall not voluntarily make any production of another Party's Confidential Discovery Material until resolution of any objections interposed by the Disclosing Party, unless compelled by court order issued after giving notice to the Disclosing Party. Nothing in this Stipulation and Order shall be

construed as authorizing or requiring a Party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Materials, or as limiting the authority of the Court.

### IX.     CHALLENGES TO DESIGNATIONS AND ACCESS

1. If, at any time, a Receiving Party objects to a designation of Discovery Materials as Confidential, or disputes the limitations on access to be accorded such information under this order, that Party shall notify the Disclosing Party, in writing, of its disagreement and specifically identify each challenged designation and the grounds for the challenge to that designation. Following receipt of such notification, counsel for the Disclosing Party and the Receiving Party challenging the designation shall meet and confer in an effort to resolve any disagreement. If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Party's receipt of the written notice, the Party contesting the designation or restriction on access may thereafter petition the Court, consistent with the governing local rules and individual practices, on the propriety of the designation, except that if Plaintiff contests the designation applicable to the deposition of Defendant Bob Dylan, Defendant will petition the Court to maintain such designation.

2. While the challenging Party must initiate the motion before the Court, it is the burden of the Party seeking protection under this order to demonstrate that the Confidential designation is appropriate.

3. Until the Receiving Party applies to the Court for a ruling on the designation and the Court rules on that motion, the Discovery Materials in question will continue to be treated as Confidential under this Stipulation and Order, and a challenge under this paragraph shall not

affect a Party's right of access to Confidential Discovery Material or to disclose information as provided for in this Stipulation and Order.

4. A Party does not waive its right to challenge a Confidential designation by not electing to mount a challenge promptly after the original designation is made.

## X. FILING CONFIDENTIAL INFORMATION OR DISCOVERY MATERIAL

1. A Party or non-party submitting any Confidential Information to the Court (whether in support of a pleading or motion, at a hearing, or in connection with any other pre-trial proceeding) must file the Confidential Information in redacted form or under seal to the full extent permitted by the Local Rules of the U.S. District Court for the Southern District of New York and Judge Failla's Individual Practices in Civil Cases.

2. Consistent with Rule 9(B) and (C) of this Court's Individual Rules of Practice in Civil Cases, a Party or Non-Party seeking to file a document in redacted form or under seal or to maintain such redactions or sealing must obtain the Court's approval (except for redactions permitted without Court approval pursuant to Rule 9(A) of this Court's Individual Rules of Practice in Civil Cases), and otherwise ensure compliance with the Court's Individual Rules of Practice in Civil Cases regarding redaction or sealing of filings.

3. In addition to the procedures provided in Rule 9 of the Court's Individual Rules of Practice in Civil Cases for filing material in redacted form or under seal, a Designating Party may move the Court to maintain the redaction or sealing of Confidential Information produced by the Designating Party that has been filed by another Party or Non-Party. Such motions must be made by letter motion filed within three (3) business days of the submission of the Confidential Information by another Party or Non-Party.

**XI.     DISCOVERY FROM EXPERTS OR CONSULTANTS**

1. Testifying experts or technical advisors shall not be subject to discovery with respect to any draft of his or her report(s) in this Action.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

2. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case, or to the extent the non-testifying expert's information is otherwise discoverable and not protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other privilege.

3. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

**XII.    DURATION**

1. All provisions of this Stipulation and Order restricting the use of Confidential Information shall continue to be binding after the conclusion of this Action unless otherwise agreed or ordered by the Court.

**XIII.   RESERVATION OF RIGHTS**

1. Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a Party or a Party opponent.  Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as Confidential is entitled to protection under the Stipulation and Order, Federal Rule of Civil Procedure 26(c), or any other law.  Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific Confidential Information where a court has entered an order precluding that person or entity from obtaining access to that information.  The Parties specifically reserve the right to challenge the designation of any particular information as Confidential, and agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order.  Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Stipulation and Order.

**XIV.   EFFECT ON OTHER AGREEMENTS**

1. Nothing in this Stipulation and Order shall be construed to effect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to, any of the Parties hereto.

**XV.   MODIFICATION/RELIEF**

1. This Stipulation and Order may be changed only by agreement of the Parties or by an order of this Court.  Except as provided herein, this Stipulation and Order shall not prejudice the right of any Party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order

upon due notice to all other Parties and affected non-parties.  Further, entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of this Action.

## XVI.   NEW PARTIES TO THIS ACTION

1. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court.

## XVII.  EXECUTION

1. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

SO STIPULATED AND AGREED:

_(signature)_                                _(signature)_

Daniel W. Isaacs
122 Cross River Road
Mount Kisco, NY 10549
646.428.2100
daniel.isaacs@danwisaacsesq.com

Peter J. Gleason
935 South Lake Boulevard
Mahopac, NY 10541
646.872.3546
PJGleason@aol.com

*Attorneys for Plaintiff*

Orin Snyder
Brian Ascher
Jeremy Bunting
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166
212.351.4000
OSnyder@gibsondunn.com
BAscher@gibsondunn.com
JBunting@gibsondunn.com

Greta Williams
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
202.955.8500
GBWilliams@gibsondunn.com

Andrea Schillaci
HURWITZ & FINE, P.C.
424 Main Street, Suite 1300
Buffalo, NY 14202
716.849.8900
AS@hurwitzfine.com

*Attorneys for Defendant*

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
J.C.,

              Plaintiff,

  -against-                            22-cv-323-KPF (S.D.N.Y.)

ROBERT ALLEN ZIMMERMAN a/k/a BOB DYLAN,

              Defendant.
------------------------------------------------------------x

**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER (EXHIBIT A)**

I,_____, acknowledge that I have read and understand the Stipulation and Protective Order in the above-captioned action governing the non-disclosure of information and documents that have been designated as Confidential. I agree that I will not disclose such Confidential Information to anyone other than for purposes of the above-captioned action and that at the conclusion of the above-captioned action I will return all Confidential Discovery Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                               _____

                                                               Dated: