LAW OFFICES OF
# DANIEL W. ISAACS
A PROFESSIONAL LIMITED LIABILITY COMPANY

122 CROSS RIVER ROAD
MOUNT KISCO, NEW YORK 10549
TEL: (646) 436-2100
EMAIL: DANIEL.ISAACS@DANWISAACSESQ.COM

July 5, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square Room 2103
New York, New York 10007

    Re: *J.C. v. Zimmerman*
        *22-cv-323-KPF (S.D.N.Y.)*

Dear Judge Polk Failla:

    I, together with my co-counsel, Peter J. Gleason, represent the Plaintiff, J.C., in this action and write in response to Andrea Schillaci's July 1, 2022, letter seeking judicial intervention. I must first however address her "concerns" regarding "the adequacy of the pre-suit investigation."

    I was a law clerk to the Honorable Roger J. Miner of the United States Court for Appeals for the Second Circuit, admitted to the New York State Bar on March 23, 1992, and to this Court on September 2, 1997. I have maintained an unblemished disciplinary record my entire career.

    My co-counsel, Mr. Gleason, served in the United States Coast Guard for 20 years, retiring in 2001 as a Lieutenant. He was a member of the NYPD, a Fire Marshall for the FDNY and is a candidate in the 10th Congressional District's Democrat primary. He was admitted to the New York State Bar on February 10, 2004, and to this Court on September 14, 2004. He too has an unblemished disciplinary record.

    To suggest that Mr. Gleason or I shirked our duties and ethical responsibilities as Officers of the Court and did not undertake a reasonable investigation prior to commencing the instant action is both professionally and personally offensive.[1]

---

[1] Ms. Schillaci's reference to the "nature and antiquity of the allegations (dating back more than 56 years)" is ironic given the June 21, 2022, jury verdict against Bill Cosby, brought by a victim who alleged that she was sexually assaulted by him in 1975 when she was 16 years of age.

The Honorable Katherine Polk Failla
Page 2
July 5, 2022

    Mr. Gleason's considerable prior training and experience included the investigation and validation of criminal conduct. He spent months, using his unique skill set, to conduct multiple interviews of our client and review her documents.

    I independently reviewed these materials, which included, *inter alia*, an express mail receipt dated August 12, 1982, and a florist receipt dated June 30, 1988, which belied any claim that Plaintiff's allegations were of recent vintage: Forty years is a long time to perpetuate a lie.

    I met with Mr. Dylan's counsel on August 26, 2021, and disclosed certain facts, including that Plaintiff first met him when he came to her school in Long Island around the time of her twelfth birthday. This claim was subsequently derided as "impossible," "frankly ludicrous" and the facts "fantastical".

    Plaintiff's declaration is however eerily analogous to those of Catherine James, as set forth in her memoir, *In Dandelion: Memoir of a Free Spirit*, published in 2007. Ms. James recounts how, *inter alia*, Mr. Dylan would pick her up from her Vista Del Mar orphanage school in California for dates in 1963 when she was thirteen years of age.

    I conducted extensive research into those aspects of Mr. Dylan's personal background and history relevant to the matter at hand, which is well documented. I interviewed extensively Plaintiff's best friend and outcry witness, whose credibility was indubitable, emphatic in her belief of Plaintiff's claim, and provided compelling examples of our client's honesty and integrity. Although under no obligation to do so, on November 11, 2021, she was produced for an interview by Defendant's expert for approximately three-and-one-half hours.

    Mr. Dylan's claim that he was neither in New York nor had access to an apartment at the Chelsea Hotel during the spring of 1965 was also found to be inaccurate based on our research. For example, in his book *Positively 4th Street*, published in 2001, David Hajdu wrote that Mr. Dylan, unbeknownst even to his "usual confidants," rented a room at the Chelsea Hotel to secretly meet with Sara Lownds during that time, which was prior to his departure for London in late April.

The Honorable Katherine Polk Failla
Page 3
July 5, 2022

    We proposed to Mr. Dylan's counsel that the parties submit to a polygraph examination administered by a mutually agreed-upon examiner, the results of which would be sealed. In the event the results reflected that our client was untruthful we stated that we would immediately withdraw with prejudice the Amended Complaint. This offer was summarily dismissed.

    Ms. Schillaci's request for judicial intervention is unwarranted. As agreed, on May 30th I served Plaintiff's First Set of Interrogatory Responses and on May 31st Plaintiff's First Response to Document Requests. As Ms. Schillaci is aware I began jury selection on June 7th in Supreme Court/Suffolk County.

    The next day, June 8th, Ms. Schillaci served a deficiency letter with respect to our responses. On June 16th, following the completion of the first deposition of a non-party witness in this matter, it was agreed that by: (i) June 20th I would provide additional authorizations and contact information for certain witnesses; (ii) June 24th provide a supplemental interrogatory response; and, (iii) June 30th provide plaintiff's complete production of documents. I fully complied with these dates despite being engaged on trial and taking a verdict on June 27th.

    We have provided Defendant's counsel with over a dozen Hippa-compliant authorizations (no request is outstanding), fully satisfied their first set of interrogatory demands, and continue to diligently search for additional documents responsive to their production demand (discovery is an ongoing process).

    The axiom of *David v. Goliath* certainly applies in this case with respect to both the litigants and their respective counsel. However, Lady Liberty is blindfolded to represent impartiality; the ideal that justice should be applied without regard to wealth, power, or other status.

                          Respectfully submitted,

                            **LAW OFFICES OF DANIEL W. ISAACS, PLLC**

                            DANIEL W. ISAACS