**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

July 27, 2022

VIA ECF

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *J.C. v. Zimmerman*, Case No. 22-cv-00323-KPF

Dear Judge Polk Failla:

In advance of tomorrow's conference, I respectfully submit this letter to inform the Court of recent developments bearing on the issues to be addressed.

As we discussed at the July 15, 2022 telephonic conference, Plaintiff has failed to produce dozens of critical emails we know exist based on document productions by third parties (and most likely failed to produce hundreds more we requested but have never seen). These are not just any emails. They are emails from 2021 (after the filing of the lawsuit) to and from Plaintiff herself discussing—and casting doubt on—the key factual allegations she has made in this lawsuit. To put a finer point on it, the other participants in these emails directly question inconsistencies and impossibilities in Plaintiff's allegations, and Plaintiff responds point-by-point in reply emails, which themselves are both internally inconsistent and inconsistent with material allegations in this case.

At the July 15 conference, we said the failure to produce these emails raises serious concerns regarding the preservation and potential spoliation of important evidence. 07/15/2022 Conf. Tr. 20:3–6. The "discharge[]" of Plaintiff's counsel just days after the Court's discovery order and Plaintiff's subsequent failure to produce any emails or texts by the Court-ordered deadline of July 22, 2022 heightens our concern about whether this lawsuit can fairly proceed in the absence of material evidence.

Yesterday, our spoliation concerns were confirmed when we deposed a witness who was one of the participants on the emails described above with Plaintiff in 2021 about the factual allegations in this case. Prior to the deposition, the witness produced approximately sixty emails to Defendants pursuant to subpoena. Plaintiff has not produced these or any other emails (or texts). At his deposition, the witness testified Plaintiff recently reached out to the witness asking him to  "resend [her] the text that [he] sent [her] about Bob Dylan," explaining that she "**deleted** and need[s] it." Rough Tr. 129:7–10. (emphasis added). We can represent to the Court that although the witness testified Plaintiff reached out to him "two weeks ago," the outreach actually occurred on July 17, two days after the July 15

GIBSON DUNN

The Honorable Katherine Polk Failla
July 27, 2022
Page 2

conference. The witness testified he told Plaintiff in response he did not have text messages with Plaintiff regarding Defendant. Rough Tr. 130:4–7. The witness also testified the same day Plaintiff asked the witness for text messages she also asked him for the date of his most recent emails with Plaintiff regarding the allegations in this action. Rough Tr. 130:8–13. If Plaintiff still possessed her emails, there would be no reason to ask questions about the existence and dates of these communications.

Plaintiff's hurried attempts to find deleted communications immediately after the July 15 conference, combined with her admission that she deleted responsive text messages, strongly suggests Plaintiff has destroyed evidence directly relevant to the central factual allegations in this litigation, and that the evidence may be lost forever. This would mean Plaintiff will never be able to comply with her discovery obligations and the integrity of these proceedings and Defendant's ability to mount a fair defense have been compromised irretrievably. It may also explain why, in direct violation of the Court's July 15 Order, Plaintiff has not produced a single document since the discovery hearing of the same date.

If Plaintiff and/or her counsel are responsible for failing to preserve and destroying material evidence, sanctions, including case-ending sanctions and monetary sanctions, are warranted. *See ComLab, Corp. v. Tire*, 815 Fed. Appx. 597, 600; 602–603 (2d Cir. 2020) (upholding terminating sanctions and attorneys' fees and costs following spoliation "in light of the seriousness of [the party's] transgression, and the significance of the [deleted] emails to this litigation") (internal quotation marks omitted).

We look forward to addressing these issues with the Court tomorrow.


Respectfully,

/s/Orin Snyder
Orin Snyder

cc: All counsel of record (via ECF)