**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

August 4, 2022

VIA ECF

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:     *J.C. v. Zimmerman*, Case No. 22-cv-00323-KPF

Dear Judge Polk Failla:

We represent Defendant Bob Dylan.  At the close of the July 28, 2022 conference, the Court gave Mr. Dylan until today to inform the Court whether he believes further proceedings are warranted in the aftermath of the dismissal of the case with prejudice.  July 28, 2022 Conf. Tr. 36:9–11.  By this letter, we respectfully request permission to move for monetary sanctions pursuant to Fed. R. Civ. P. 37(b)(2) against Plaintiff's attorneys, Mr. Daniel Isaacs and Mr. Peter Gleason, jointly and severally.  This is a paradigm case for sanctions to address counsel's brazen discovery misconduct, culminating in their failure to produce documents by the Court-ordered July 22, 2022 deadline—which came just three days after counsel attempted to withdraw from the case.

As this Court knows, counsel flouted their discovery obligations for months and ignored warnings from the Court about their failure to produce documents.  At the July 15, 2022 discovery conference, the Court ordered Plaintiff to produce all documents responsive to Defendant's First Set of Requests for Production by July 22.  Your Honor admonished Plaintiff and her counsel, stating:  "[f]or the love of God, produce these materials because you understand the consequences if you don't."  July 15, 2022 Conf. Tr. 23:8–10.

Plaintiff did not produce any additional materials by July 22.  Instead, just three days before the deadline, Mr. Isaacs submitted a letter to the Court representing that he, "together with my co-counsel, Peter J. Gleason, have been discharged by Plaintiff . . . ."  ECF 38.  But as Mr. Gleason admitted at the July 28 conference, the representation that Plaintiff had voluntarily "discharged" her counsel was untrue.

He said when he visited Plaintiff's residence on July 19 she supposedly possessed several boxes containing documents.  7/28/22 Conf. Tr. at 7:10–11.  According to Mr. Gleason, when Plaintiff refused to hand over the documents, Mr. Gleason told Plaintiff she could either terminate her counsel, or—whether she consented or not—he and Mr. Isaacs would make a motion to withdraw.  *Id.* at 8:25–9:3.  Based on Mr. Gleason's own retelling, the decision to continue the representation, therefore, was not really left to Plaintiff at all.

**GIBSON DUNN**

The Honorable Katherine Polk Failla
August 4, 2022
Page 2

We informed the Court at the July 28 conference that Plaintiff told a relative she had actually fired Mr. Isaacs and Mr. Gleason because they were "sloppy" and lost documents. *Id.* at 18:22–19:6. Whatever the truth, the inescapable conclusion is clear: Mr. Isaacs and Mr. Gleason failed to produce documents they should have possessed and reviewed before ever bringing this lawsuit in the first place. As we said in open court last week, many of the documents we have seen, including scores of emails between Plaintiff and key third parties whom counsel apparently never even bothered to interview, undermine and contradict Plaintiff's allegations.

On this record, the Court should permit Defendant to bring a motion for sanctions against Mr. Isaacs and Mr. Gleason under Fed. R. Civ. P. 37(b)(2) for their systematic discovery violations and failure to comply with the Court's July 15, 2022 Order, ECF 36. *See Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (imposing Rule 37 sanctions where party violated "clearly articulated order of the court requiring specified discovery"); *In re Thilman*, 548 B.R. 1, 8 (Bankr. E.D.N.Y. 2016) (holding same).

The need for Mr. Isaacs and Mr. Gleason to face real consequences here is not lessened by Plaintiff's voluntary dismissal of her suit with prejudice. As many courts have observed, "[t]hat plaintiff[] subsequently moved to dismiss [her] claims voluntarily cannot post hoc excuse their discovery failures or otherwise lessen the need to impose Rule 37 sanctions." *Quadrozzi v. City of New York*, 127 F.R.D. 63, 77–78 (S.D.N.Y. 1989). In such circumstances, "a Rule 37 sanctions award is not unjust because such claims pertain to discovery expenses already and unjustifiably incurred." *Id.*; *see also*, *City of Almaty, Kazakhstan v. Ablyazov*, 2020 WL 5269554, at *2–4 (S.D.N.Y. Sept. 3, 2020) (holding same).

Rule 37 permits the Court to hold "counsel personally liable for expenses" for failing to comply with discovery obligations. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980) (emphasis added). Plaintiff's counsel, Mr. Isaacs, repeatedly blamed his status as a "solo practitioner" (despite having co-counsel in this action) and his obligations in other matters for the discovery failures. *See* 7/15/22 Hr'g Tr. at 14:22–15:2. Mr. Isaacs and Mr. Gleason should not have brought this action—accusing Defendant of a heinous crime—if they did not intend to responsibly litigate it. It is more than appropriate to hold them accountable.

For the foregoing reasons, we respectfully request permission to bring a motion for 37(b)(2) sanctions. We respectfully request 21 days from the date the Court grants our request to bring the motion to submit briefing.

GIBSON DUNN

The Honorable Katherine Polk Failla
August 4, 2022
Page 3

Respectfully,

/s/Orin Snyder
Orin Snyder

cc: All counsel of record (via ECF)