# LAW OFFICES OF
# DANIEL W. ISAACS
A PROFESSIONAL LIMITED LIABILITY COMPANY

122 CROSS RIVER ROAD
MOUNT KISCO, NEW YORK 10549
TEL: (646) 438-2100
EMAIL: DANIEL.ISAACS@DANWISAACSESQ.COM

August 8, 2022

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square Room 2103
New York, New York 10007



Re: *J.C. v. Zimmerman*
    22-cv-323-KPF (S.D.N.Y.)

Dear Judge Polk Failla:

I, together with my co-counsel, Peter J. Gleason, previously represented the Plaintiff, J.C., in the above matter. We are in receipt of Mr. Snyder's August 4, 2022, letter requesting permission to move for monetary sanctions pursuant to Fed. R. Civ. P. 37(b)(2). Mr. Snyder's contention that "[t]his is a paradigm case for sanctions to address counsel's brazen discovery misconduct" is not supported by the record.

Contrary to defense counsel's claim that we flouted our discovery obligations and ignored warnings from the Court about the failure to produce documents, as was stated on the record before Your Honor during the July 2022 conference(s), Mr. Gleason and I attempted repeatedly to obtain the necessary documents from the plaintiff, which I described as like "pulling teeth."

Our difficulty in obtaining documents from plaintiff culminated when Mr. Gleason and I went to plaintiff's home on July 17, 2022, at which time it was discovered that there additional documents that we were unaware of and which she refused to turn over. The following day, July 18, 2022, Mr. Gleason returned to plaintiff's residence and advised plaintiff that if she would not turn over these documents then either we would move to be relieved as counsel or she could terminate our representation, which she then did.

Indeed, when I first met with plaintiff prior to commencing

The Honorable Katherine Polk Failla
Page 2
August 8, 2022

this action I demanded that she provide any and all documents in her possession relating to her claims. I reiterated my demands again when served with defendant's discovery demands and went through them item by item with Plaintiff so there was no mistake or misunderstanding. Despite having done so plaintiff still did not provide the information requested despite my repeated requests.

This action was brought in good faith and with the intent of responsibly litigating the matter. Plaintiff's recalcitrance in providing discovery documents was in no way caused by either Mr. Gleason or myself and, as I expressed to the Court during the July 28 hearing, I was as frustrated as defense counsel, if not more, by plaintiff's conduct.

At no point did either Mr. Gleason or I willfully withhold discovery or engage in discovery misconduct. We attempted to comply as best we could given the circumstances, including a plaintiff suffering PTSD, which was exacerbated when her identity was illegally made public following the commencement of this action.

Moreover, as the court was previously advised I was engaged in a three-week medical malpractice trial in Suffolk County for nearly the entire month of June. Despite the demands of the trial, I properly provided satisfactory supplemental responses to defendant's interrogatory demands as agreed to, numerous authorizations for plaintiff's medical records and, the exchange of all documents in our possession. We could not however produce what the plaintiff failed to provide us despite our repeated admonition that she do so.

The cases relied on by defense counsel in support of their request is patently distinguishable from the facts presented herein. For example, in *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991), defendant's counsel engaged repeatedly at the deposition in behavior designed to thwart the discovery process by refusing to produce notes from which the deponent was testifying or in the alternative mark them for identification as well as removing documents from its corporate records at the deposition. Counsel further refused to resume the deposition although the notices for which stated that the

The Honorable Katherine Polk Failla
Page 3
August 8, 2022

deposition would "continu[e] from day to day until completed."

Similarly, in *In re Thilman*, 548 B.R. 1, 8 (Bankr. E.D.N.Y. 2016) the defendant failed to produce documents and appear for his deposition and in *Quadrozzi v. City of New York*, 127 F.R.D. 63 (S.D.N.Y. 1989) plaintiffs did not allow discovery of **any** of their purportedly confidential documents unless their stated objections were overruled by the Court.

For the foregoing reasons, we therefore respectfully request that Defendant be denied permission to bring a motion for 37(b)(2) sanctions.

Respectfully submitted,

**LAW OFFICES OF DANIEL W. ISAACS, PLLC**

DANIEL W. ISAACS

---

The Court is in receipt of the above letter, which was submitted after the Court granted Defendant's request to file a motion for discovery sanctions in an endorsement dated August 8, 2022 (*see* Dkt. #46).  The Court finds that nothing in the above letter supports deviating from the briefing schedule set in the Court's endorsement.  (*Id.*).  To the contrary, Plaintiff's former counsel's above representations confirm the existence of the conflict described in the Court's endorsement.  The Court therefore reiterates that Plaintiff is invited, but not required, to submit her own opposition to Defendant's anticipated motion.

Plaintiff's former counsel is directed to provide a copy of this endorsement to Plaintiff.

Dated: August 9, 2022
       New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE