# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x Index No.
                                          DOP:
J.C.,
                                          Plaintiff designates
                                          NEW YORK County as
                        Plaintiff,        the place of trial

                                          The basis of venue is
          - against -                     Situs of Tort

                                          **SUMMONS**

ROBERT ALLEN ZIMMERMAN a/k/a BOB DYLAN,
                                          **Child Victims Act
                        Defendant.        Proceeding
                                          22 NYCRR 202.72**
- - - - - - - - - - - - - - - - - - - - x
To the above named Defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

                              Respectfully Yours,

Dated: Mount Kisco, NY    **LAW OFFICES OF DANIEL W. ISAACS, PLLC**
       August 13, 2021
                          By: _____
Defendant's address:          DANIEL W. ISAACS, ESQ.
                              Attorneys for Plaintiff
29400 Bluewater Road          122 Cross River Road
Malibu California 90265       Mount Kisco, New York 10549
                              (646) 438-2100

                          **PETER J. GLEASON, P.C.**
                          By: _____
                              PETER J. GLEASON, ESQ.
                              935 South Lake Boulevard
                              Mahopac, New York 10541
                              Tel: (646) 872-3546

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
J.C.,                                         Index No.

               Plaintiff,         **VERIFIED COMPLAINT**

      - against -

ROBERT ALLEN ZIMMERMAN a/k/a BOB DYLAN,

              Defendant.        **Child Victims Act
                                              Proceeding
                                              22 NYCRR 202.72**
- - - - - - - - - - - - - - - - - - - -x

Plaintiff, by her attorneys, The Law Offices of Daniel W. Isaacs, PLLC and Peter J. Gleason, P.C., as and for a Verified Complaint, respectfully sets forth and alleges as follows:

## INTRODUCTION

1. As set forth below the defendant, Robert Allen Zimmerman a/k/a Bob Dylan ("Dylan"), over a six-week period between April and May of 1965 befriended and established an emotional connection with the plaintiff, J.C., to lower her inhibitions with the object of sexually abusing her, which he did, coupled with the provision of drugs, alcohol and, threats of physical violence, leaving her emotionally scarred and psychologically damaged to this day.

## PROCEEDING IN ACCORDANCE WITH CPLR 214-G AND 22 NYCRR 202.72

2. This action is brought pursuant to the New York Child Victims Act 2019 Sess. Law News of N.Y. Ch. 11 (S. 2440), CPLR 214-G, and 22 CRR 202.72 to recover damages for J.C.'s severe

2

psychological damage and emotional trauma caused by Dylan's wrongful and criminal acts.

## PARTIES

3. The plaintiff, J.C., is an adult female, who currently resides in Greenwich, Connecticut.

4. While she was a minor, J.C. was a victim of one or more criminal sex acts in the State of New York, including sexual acts that would constitute a sexual offense as defined by the Child Victims Act. Since such criminal violation is the basis for this action, J.C. is entitled to the protection of Civil Rights Law 50-b and will file a motion asking this Court for permission to proceed using a pseudonym.

5. In the alternative, J.C. will seek a stipulation from the defendant agreeing to enter into a protective order which will ensure that her identity is protected from the public while allowing the defendant full access to information necessary for his defense.

6. The defendant, Dylan, is an American singer-songwriter, author and visual artist. Regarded as one of the greatest songwriters of all time, he has been a major figure in popular culture during a career spanning nearly 60 years, with his songs serving as anthems for the civil rights and anti-war movements. He has received numerous awards, including the Presidential Medal of Freedom, ten Grammy Awards, a Golden Globe Award and an Academy

3

Award. He has been inducted into the Rock and Roll Hall of Fame, Nashville Songwriters Hall of Fame and the Songwriters Hall of Fame. The Pulitzer Price Board in 2008 awarded him a special citation for "his profound impact on popular music and American culture, marked by lyrical compositions of extraordinary poetic power." In 2016, Dylan was awarded the Nobel Prize in Literature "for having created new poetic expressions within the great American song tradition."

## VENUE

7. Venue is proper because New York is the county in which a substantial part of the events or omissions giving rise to plaintiff's claim occurred.

## STATEMENT OF FACTS

8. That upon information and belief, between April and May of 1965 the defendant, Dylan, maintained an apartment at the iconic Hotel Chelsea a/k/a Chelsea Hotel.

9. That in April of 1965 J.C. had just turned 12-years-of-age and was a minor.

10. That J.C. was sexually abused by the defendant, Dylan, between April and May of 1965 while she was minor.

11. That between April and May of 1965 the defendant, Dylan, exploited his status as a musician by grooming J.C. to gain her trust and to obtain control over her as part of his plan to sexually molest and abuse J.C.

4

12. That the defendant, Dylan, exploited his status as a musician to provide J.C. with alcohol and drugs and sexually abuse her multiple times.

13. That at certain times the sexual abuse of J.C. by the defendant, Dylan, occurred in his apartment at the Hotel Chelsea.

14. That by reason of the wrongful acts of the defendant, Dylan, as set forth above, J.C. sustained physical and psychological injuries, including but not limited to, severe emotional and psychological distress, humiliation, fright, disassociation, anger, depression, anxiety, personal turmoil and loss of faith, a severe shock to her nervous system, physical pain and mental anguish, and emotional and psychological damage, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature, and J.C. has and/or will become obligated to expend sums of money for treatment.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT

15. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "14" as if fully set forth at length herein.

16. Between April and May of 1965, the defendant, Dylan, sexually abused J.C.

17. Defendant Dylan's predatory, sexual and unlawful acts against J.C. created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person, all

5

of which were done intentionally by him to her without her consent.

18. That as a direct and proximate result of the aforementioned assault, Plaintiff has suffered and continues to suffer from emotional and physical injury, including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses.

19. That by reason of the foregoing, Plaintiff has incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries. Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending her regular activities.

20. As such, Plaintiff is entitled to compensatory damages from the defendant, Dylan, in such sums as a jury would find fair, just and adequate. Furthermore, because the defendant, Dylan, committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of causing injuries to Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages from the defendant, Dylan, in such sums as a jury would find fair, just and adequate to deter future similar conduct.

21. That the amount of damages sought exceeds the

jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR A SECOND CAUSE OF ACTION FOR BATTERY

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "21" as if fully set forth at length herein.

23. Defendant Dylan's predatory, sexual and unlawful acts against Plaintiff amounted to a series of harmful and offensive contacts to Plaintiff's person, all of which were done intentionally by him to her without her consent.

24. That as a direct and proximate result of the aforementioned battery, Plaintiff has suffered and continues to suffer from emotional and physical injury, including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses.

25. That by reason of the foregoing, Plaintiff has incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries. Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending her regular activities.

26. That as such, Plaintiff is entitled to compensatory damages from the defendant, Dylan, in such sums as a jury would find fair, just, and adequate. Moreover, because the defendant,

7

Dylan, committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of causing injuries to Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages in such sums as a jury would find fair, just and adequate to deter future similar conduct.

27. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT**

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "27" as if fully set forth at length herein.

29. Defendant Dylan's predatory, sexual and unlawful acts against Plaintiff, as more fully set forth above, amounted to willful detention of Plaintiff without authority of law, all of which were done intentionally by him to her without her consent.

30. That as a direct and proximate result of the aforementioned false imprisonment, Plaintiff has suffered and continues to suffer from emotional and physical injury, including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment, as well as economic losses.

8

31. That by reason of the foregoing, Plaintiff has incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries. Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending her regular activities.

32. That as such, Plaintiff is entitled to compensatory damages from the defendant, Dylan, in such sums as a jury would find fair, just, and adequate. Moreover, because the defendant, Dylan, committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of causing injuries to Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary damages in such sums as a jury would find fair, just and adequate to deter future similar conduct.

33. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "33" as if fully set forth at length herein.

9

35. Defendant Dylan engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress.

36. That as a direct and proximate result of the aforementioned intentional infliction of emotional distress Plaintiff has suffered and continues to suffer from emotional and physical injury, including, but not limited to, serious and severe mental distress, anguish, humiliation and embarrassment as well as economic losses.

37. That by reason of the foregoing, Plaintiff has incurred medical expenses and will continue to be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries. Upon information and belief, said injuries are of a permanent and lasting nature and have incapacitated Plaintiff from attending her regular activities.

38. That as such, Plaintiff is entitled to compensatory damages from the defendant, Dylan, in such sums as a jury would find fair, just, and adequate. Moreover, because the defendant, Dylan, committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of causing injuries to Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, Plaintiff is further entitled to punitive and exemplary

10

damages in such sums as a jury would find fair, just and adequate to deter future similar conduct.

39. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of the jurisdictional limits of all lower courts of this State that otherwise would have had jurisdiction in this matter, together with the costs, disbursements and expenses of the within action.

Dated: Mount Kisco, New York
       August 13, 2021

                              Yours, etc.,

                              **LAW OFFICES OF DANIEL W. ISAACS, PLLC**

                              By: _____
                              DANIEL W. ISAACS, ESQ.
                              Attorneys for Plaintiff

                              122 Cross River Road
                              Mount Kisco, New York 10549
                              (646) 438-2100

                              **PETER J. GLEASON, P.C.**

                              By: _____
                              PETER J. GLEASON, ESQ.
                              935 South Lake Boulevard
                              Mahopac, New York 10541
                              Tel: (646) 872-3546

## VERIFICATION

I, Daniel W. Isaacs, Esq., am the Principal of The Law Offices of Daniel W. Isaacs, PLLC, attorneys for plaintiff in the within action, duly admitted to practice in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2016 of the Civil Practice Laws & Rules of the State of New York:

That I have read the foregoing Complaint and know the contents thereof; that based on the information derived from the files maintained in my office, which is maintained in the normal course of business, and those facts and documents provided to me by J.C., the contents of the Complaint are true to my own knowledge except as to those matters alleged to be upon information and belief, and as to those matters, I believe them to be true.

The reason this affirmation is not made by the plaintiff is that the plaintiff resides in a county other than where the undersigned maintains his office for the practice of law.

Dated: Mount Kisco, New York
      August 13, 2021

                                                DANIEL W. ISAACS, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x
J.C.,                                        Index No.

               Plaintiff,

     - against -

ROBERT ALLEN ZIMMERMAN a/k/a BOB DYLAN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - x

---
SUMMONS AND VERIFIED COMPLAINT
---

          Yours, etc.,

          **LAW OFFICES OF DANIEL W. ISAACS, PLLC**
          Attorneys for Plaintiff
          122 Cross River Road
          Mount Kisco, New York 10549
          (646) 438-2100