# Exhibit E

**Bunting, Jeremy**

| | |
|---|---|
| **From:** | Peter Gleason <pjgleason@aol.com> |
| **Sent:** | Friday, February 25, 2022 1:18 PM |
| **To:** | Becker, Barbara L. |
| **Cc:** | daniel.isaacs@danwisaacsesq.com; Peter Gleason; Mastro, Randy M.; Snyder, Orin |
| **Subject:** | J.C. v. Zimmerman: 1:22-cv-00323-KPF |
| **Attachments:** | Ltr2GD.pdf |

[WARNING: External Email]

Dear Ms. Becker,

Please find enclosed my letter to you.

Regards,

Peter J. Gleason, Esq.
(646) 872-3546

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (PJGleason@aol.com), and destroy the original message. Thank you.

PETER J. GLEASON, PC

PETER J. GLEASON

ATTORNEY AT LAW

935 SOUTH LAKE BLVD.
SUITE 17
MAHOPAC, NEW YORK 10541
(646) 872-3546
FAX: (212) 431-3378
PJGLEASON@AOL.COM

February 13, 2022

Via Email: bbecker@gibsondunn.com
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

Attn: Barbara L. Becker, Chair & Managing Partner

Re: J.C. v. Zimmerman: 1:22-cv-00323-KPF

Dear Ms. Becker,

As one of the attorneys representing the above referenced plaintiff, I write to you requesting that your firm, due to a conflict, withdraw immediately from representing the defendant.

The basis for this demand is due to the fact that I was previously a client of your firm having been represented by Randy Mastro in the 2008 term limit litigation, *Molinari et al v. Bloomberg et al* 1:08-cv-04539-CPS-JO. Now the manner in which your partner Orin Snyder is comporting himself has put your firm in a position to be materially adverse to me as a former client.

Specifically, Mr. Snyder in his letter dated January 6, 2022, stated, "we began by investigating her attorneys." The mischaracterizations in this letter reference my run for NY City Council, this while your firm represented me. The privileged and confidential information that I shared with your firm is now fodder for Mr. Snyder's extrortionary tactic to undermine my current client's claims. Clearly Mr. Snyder intends to put my integrity and reputation at issue in the current matter this while your firms previous representation of me positively endorsed my integrity and reputation regarding the same subject matter.

In the term limit litigation I was represented by Randy Mastro. I would welcome his opinion on the ethicacy on Mr. Snyder's current tactics in the instant matter. Furthermore, Mr. Snyder's mischaractzation of disputed facts puts Mr. Mastro in a position to be potentially called as a witness.

# PETER J. GLEASON

ATTORNEY AT LAW

I trust you are aware and will be guided by your firm's ethical obligations under The New York Rules of Professional Conduct, 22 N.Y.C.R.R §1200, Specifically under Rule 1.9 DUTIES TO FORMER CLIENTS.

## RULE

Rule 1.9 (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

## ANALYSIS

Mr. Snyder, in his tactic of attempting to obfuscate the facts by shifting the focus on the attorneys representing the plaintiff (myself included) has put me in a materially adverse position thus creating an ethical dilemma for your firm. There has been nor will there be consent granted.

## RULE

Rule 1.9 (b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
(1) whose interests are materially adverse to that person; and
(2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.

## ANALYSIS

As stated previously, I do not give informed consent and am shocked that Mr. Snyder would reference matters that I shared with your firm. Having been vetted by your firm, Mr. Snyder now seeks to use subterfuge in order to spin the narrative for his convenience.

## RULE

Rule (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
(1) use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require

## PETER J. GLEASON

ATTORNEY AT LAW

with respect to a current client or when the information has become generally known; or

(2) reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

### ANALYSIS

In the instant matter, Mr Snyder seeks to create an issue involving matters that based on your firms previous intake, knows to be false.

In conclusion, I am gravely concerned that your firm would treat a former client in such a manner. This all in furtherance of seeking leverage against my client, the victim of sexual abuse. Mr. Snyder in making me a focal point has conflicted your firm.

Thank you in advance for your attention in this matter. I remain

Very Truly Yours,

PETER GLEASON

PJG/ep
cc:    rmastro@gibsondunn.com
       osnyder@gibsondunn.com