UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

J.C.,

                Plaintiff,

   -against-                                Case No. 22-cv-00323-KPF

ROBERT ALLEN ZIMMERMAN a/k/a BOB      **Oral Argument Requested**
DYLAN,

                Defendant.

------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BOB DYLAN'S MOTION FOR SANCTIONS

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    A.    Mr. Isaacs and Mr. Gleason Violated Multiple Orders of the Court Directing Their Compliance with Discovery Obligations ................................................................................. 2

        1.    Mr. Isaacs and Mr. Gleason Repeatedly Failed to Meet Discovery Obligations ......... 3

        2.    Mr. Isaacs and Mr. Gleason Violated the Court's July 15 Order When They Failed to Produce Any Documents and Instead Falsely Represented They Were Dismissed ............... 5

    B.    Mr. Isaacs' and Mr. Gleason's Repeated Disregard of the Court's Orders Directing Compliance with Discovery Obligations Warrants the Imposition of Sanctions ....................... 6

        1.    The Violations Were Willful ................................................................................. 6

        2.    The Violations Were Continuous, Even After Multiple Warnings from the Court ..... 7

        3.    Mr. Isaacs and Mr. Gleason Have Yet to Face Any Consequences ............................. 8

    C.    A $50,000 Sanction Is Warranted ................................................................................. 8

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**CASES**

*Auscape Intern. v. Nat. Geographic Soc'y*,
    2003 WL 21976400 (S.D.N.Y. Aug. 19, 2003) ...................................................................... 10

*Copeland v. Rosen*,
    194 F.R.D. 127 (S.D.N.Y. 2000) ........................................................................................... 3

*Guggenheim Cap., LLC v. Birnbaum*,
    722 F.3d 444 (2d Cir. 2013) .................................................................................................. 6

*Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Constr.*,
    88 F. Supp. 3d 250 (S.D.N.Y. 2015) ..................................................................................... 7

*Martinez v. City of New York*,
    2018 WL 604019 (E.D.N.Y. Jan. 24, 2018) .......................................................................... 6

*Merck Eprova AG v. Gnosis S.P.A.*,
    2010 WL 1631519 (S.D.N.Y. Apr. 20, 2010) ........................................................................ 9

*Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*,
    212 F.R.D. 178 (S.D.N.Y. 2003) ........................................................................................... 7

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
    2010 WL 3173785 (E.D.N.Y. Aug. 11, 2010) ....................................................................... 9

*In re Turquoise Hill Resources Ltd. Sec. Litig.*,
    2022 WL 4085677 (S.D.N.Y. Sep. 2, 2022) ......................................................................... 10

*Worldcom Network Servs., Inc. v. Metro Access, Inc.*,
    205 F.R.D. 136 (S.D.N.Y. 2002) ......................................................................................... 10

**RULES**

FRCP 37 ............................................................................................................ 1, 2, 4, 8, 9, 10

FRCP 26 .......................................................................................................................................... 4

Defendant Bob Dylan submits this reply memorandum of law in further support of his motion for sanctions pursuant to Federal Rule of Civil Procedure 37 against Plaintiffs' counsel.

### PRELIMINARY STATEMENT

Sanctions should be awarded because Plaintiff's counsel engaged in systematic and indefensible discovery misconduct.  In opposition, counsel provide no valid explanation for their dilatory and obstructive conduct.  We are left to assume that counsel did not want to produce documents and respond to other discovery requests to conceal evidence (including key emails) that undermine their case.  Whatever the reason, they fail to address the fact that their discovery obstruction culminated in three separate orders of the Court, ECF Nos. 27; 30; 36, directing counsel to comply with their discovery obligations.  Counsel also have no answer for the fact that they were on clear notice that continued violations would result in sanctions, including as a result of a direct warning from the bench.  ECF No. 42 (July 15, 2022 Tr.) at 18:14–20.  And counsel do not even bother to meaningfully engage with the four-prong test applied in this Circuit to weigh the appropriateness of sanctions.

While counsel ignore the ample record of their discovery misconduct, submitted concurrently with their opposition is a "merits" affidavit signed by their client, but this submission has no relevance here.  Defendant is not asking the Court to impose sanctions based on the lack of merit of this case, and Defendant is certainly not asking the Court to resolve any factual allegations in the now-dismissed case.  For this reason, most or all of the opposition submission is irrelevant and should be disregarded.[1]

---

[1] At this stage in the proceedings, it is not appropriate to comment on counsel's baseless allegation that Defendant engaged in a "vicious character assault" against Plaintiff, except to reiterate Defendant's concern, shared by Plaintiff's immediate family, that Mr. Isaacs and Mr. Gleason may have taken advantage of a Plaintiff with a history of mental illness in bringing this litigation.  Plaintiff's response to this motion, which was filed under seal, only reinforces those concerns.

After filtering out the irrelevant noise, what remains is a straightforward discovery sanctions motion under Rule 37 applying well-settled law to undisputed facts.

Defendant has proceeded with extreme moderation in asking for a $50,000 fine rather than a sanction reflecting the entirety of the legal fees and costs associated with counsel's discovery misconduct. The Opposition argues that Defendant should have sought to recover his attorneys' fees instead. There is no such requirement under Rule 37, and Defendant maintains that a $50,000 fine, along with the fees incurred in bringing this motion, is a reasonable and modest sanction that can bring this action to a close without further litigation.

The Court should grant Defendant's motion for sanctions under Rule 37.[2]

## ARGUMENT

### A. Mr. Isaacs and Mr. Gleason Violated Multiple Orders of the Court Directing Their Compliance with Discovery Obligations

The Opposition attempts to re-write history. Mr. Isaacs and Mr. Gleason pretend their failure to comply with the July 15 Order[3] regarding document production was their only fault. As this Court knows, and as Defendant's brief chronicles, counsel's violation of the July 15 Order was not an isolated incident. The Court's July 15 Order was the final, but not the first, time the Court issued an order directing Plaintiff's counsel's compliance with discovery obligations. Mr. Isaacs and Mr. Gleason willfully violated not only that order but also the Court's May 24, 2022 Order (ECF No. 27), and June 2 Order (ECF No. 30), directing them to meet discovery deadlines they dishonored. Mr. Isaacs and Mr. Gleason have not even attempted to provide an explanation for the *months* of discovery misconduct that led the Court to declare at the July 15 Conference that "at some point, I actually have to abide by the written warnings that I

---

[2] Defendant does not oppose Plaintiff's counsel's belated cross-motion to withdraw as counsel.
[3] Capitalized terms have the meaning ascribed to them in Defendant's Opening Brief.

2

give, and so I've tried, as hard as I can, to give you latitude and space to work out these discovery issues, but at some point, I'm just going to come to believe that you are not abiding by my orders . . . ." ECF No. 42 (July 15, 2022 Tr.) at 18:6–10.

### 1. Mr. Isaacs and Mr. Gleason Repeatedly Failed to Meet Discovery Obligations

The Opposition does not even address Mr. Isaacs and Mr. Gleason's repeated discovery violations preceding the Court's July 15 Order—which are all documented in the Opening Brief. Instead, Mr. Isaacs and Mr. Gleason deflect, complaining that Defendant "commenced an exceedingly aggressive discovery program that included numerous demands for documents, interrogatories, third-party subpoenas to Plaintiff's siblings and friends, third-party depositions, and the use of 'former federal investigators' who 'developed relationships' with members of Plaintiff's family." Opp. at 7. Facing the most heinous accusations imaginable, and with his hard-earned reputation and legacy under attack, Defendant engaged in ordinary-course discovery in compliance with all applicable rules. Document discovery, interrogatories, depositions, and investigation are all routine discovery tools.[4] Counsel should not have brought the case if they did not have the capacity or willingness or desire to litigate it and play by the rules. "It should go without saying that [counsel] should not take on more clients than she can effectively represent." *Copeland v. Rosen*, 194 F.R.D. 127, 134 (S.D.N.Y. 2000) (imposing sanctions where attorney "frequently blamed her 'inability' to comply with court orders on the fact that she is a solo practitioner and is very busy").

---

[4] The smears about Defendant's investigators are offensive and baseless. Defendant's investigators are professionals and former public servants who know the rules and conduct their work in accordance with all applicable ethical standards. Plaintiff's siblings, who willingly sat for depositions, spoke with these investigators voluntarily and extensively precisely because of how professional, courteous, and sensitive they were, as well as out of concern for the siblings' sister, whose story they failed to credit.

Defendant's Opening Brief meticulously detailed, date by date, the long pattern of discovery failures and misconduct that preceded and precipitated the Court's July 15 Order. Opening Br. at 5–12. These are:

- Their refusal to timely meet and confer in compliance with Rule 26 (*id.* at 5–6);

- Their failure to provide timely interrogatory responses (*id.* at 7–8);

- The deficiencies in their interrogatory responses once finally served (*id.* at 8–9);

- Their failure to provide compliant HIPAA authorizations (*id.* at 8 fn. 2);

- Their failure to provide timely responses to Defendant's document requests (*id.* at 8);

- Their failure to produce any documents at all until three and a half months after Defendant served his Requests (*id.* at 9);

- Their woefully deficient production of 49 poorly-scanned pages in a single PDF, which included no email or text communications, which counsel should have known existed (*id.* at 9–10);

- Their failure to ever collect or review Plaintiff's email and text communications, even after Defendant asked for them (*id.* at 10); and

- Their misrepresentation to the Court that only "a few text messages" remained to be produced, despite their knowledge of dozens of responsive emails in Plaintiff's possession (*id.* at 11).

Mr. Isaacs and Mr. Gleason never disputed these failures, and still have not—the *only* discovery failure the Opposition addresses is counsel's failure to comply with the July 15 Order. Nor could counsel dispute their many discovery violations. Mr. Isaacs repeatedly admitted his noncompliance with discovery obligations. *See, e.g.*, ECF No. 26 ("I apologize to the Court and Ms. Schillaci for not timely providing responses to Defendant's First Set of Interrogatories and First Request for Production of documents. Ms. Schillaci is correct that I had promised to provide responses but failed to do so."); ECF No. 42 (July 15, 2022 Tr.) at 15:8–11 ("Mr. Snyder is correct, I have those emails, I saw them. I can assure you, I've been discussing that with her and saying I need every single email you have in your computer."). These violations, for which

4

Mr. Isaacs and Mr. Gleason have offered no justification, independently warrant sanctions given the Court's two orders *preceding* the July 15 Order, both of which were entered, at Defendant's request, to force Plaintiff's counsel to comply with discovery obligations they had already violated. *See* ECF No. 27; ECF No. 30.

> **2. Mr. Isaacs and Mr. Gleason Violated the Court's July 15 Order When They Failed to Produce Any Documents and Instead Falsely Represented They Were Dismissed**

It is undisputed that Mr. Isaacs and Mr. Gleason violated the July 15 Order. They were ordered to produce all documents responsive to Defendant's First Requests for Production by July 22, 2022, ECF No. 36, and instead produced nothing. *See* Opening Br. at 12–14. Faced with this reality, the Opposition says counsel did not really violate the July 15 Order because they "promptly informed the Court on January 19th that they had been discharged." Opp. at 20. But as the Opposition *admits*, "Gleason explained to Plaintiff that her lack of cooperation would require him to file a motion to withdraw as counsel," Opp. at 9, thus making Mr. Isaacs' representation to the Court, ECF No. 38, that Plaintiff had fired her counsel incomplete at best and deceptive at worst. The only explanation for why Mr. Isaacs and Mr. Gleason filed their non-compliant and ineffective withdrawal notice on July 19, 2022 is because they knew they were in violation of the July 15 Order.

At the July 28, 2022 conference, the Court acknowledged the timing of Mr. Isaacs and Mr. Gleason's manufactured "withdrawal" and suggested it was designed to avoid the deadlines imposed by the July 15 Order. July 28, 2022 Tr. at 3:9–10 ("I don't like feeling as though I am being played."). The Court also stated that the "withdrawal" was not effective, *id.* at 2:21–22, and that "it wasn't quite clear to me that the obligations and the deadlines, to which you agreed, were now suddenly by the boards," *id.* at 2:24–3:1. Mr. Isaacs and Mr. Gleason did not meet

5

those obligations and deadlines, and therefore violated the July 15 Order. There is no getting around that and counsel's failure to address it does not render it a non-issue.

**B.    Mr. Isaacs' and Mr. Gleason's Repeated Disregard of the Court's Orders Directing Compliance with Discovery Obligations Warrants the Imposition of Sanctions**

The Opposition argues that:

> Since the motion is predicated on an alleged sanctionable violation of the July 15th Order, Defendant should have provided the Court with the specifics of the request. The Defendant should have also presented evidence to show how the response was inadequate; how the evidence was important to the case; and how the alleged misconduct or the delay prejudiced Defendant.

Opp. at 17. Mr. Isaacs and Mr. Gleason cite no authority for these imagined requirements, nor can they—this is not the test for determining the appropriateness of sanctions in the Second Circuit or anywhere else.[5] Under Second Circuit authority, four factors are considered in determining whether sanctions are appropriate: "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned that noncompliance would be sanctioned." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). Bafflingly, the Opposition does not specifically engage with any of these requirements despite citing the test. Opp. at 16.

**1.    The Violations Were Willful**

Starting with willfulness, "[i]t is particularly important to consider a party's course of conduct throughout the litigation," *Martinez v. City of New York*, 2018 WL 604019, at *23

---

[5] For avoidance of doubt, the Opening Brief *did* address the "specifics" of the July 15 Order, which was not a "request" but a Court order that directed Plaintiff and counsel to "produce all documents responsive to Defendant's First Set of Requests for Production on or before July 22, 2022." ECF No. 36; Opening Br. at 12. Defendant also addressed how Mr. Isaacs and Mr. Gleason's response was "inadequate"—they did not produce a single document and instead misrepresented to the Court the circumstances of their termination. Opening Br. at 12–14. Defendant also explained why Plaintiff's electronic communications were important to Defendant's case, *id.* at 10, and how Defendant was forced to proceed with discovery, including key depositions, without the documents to which Mr. Isaacs and Mr. Gleason admitted Defendant was entitled. *Id.* at 20–21; July 28, 2022 Tr. at 30:11–14. ("I don't disagree with the frustration of defendant's counsel in terms of getting production of documents. I agree with them. They have every right to them.")

(E.D.N.Y. Jan. 24, 2018), as "[t]aken out of context, perhaps, any individual incident of discovery misconduct may appear forgivable—especially when framed by some post hoc excuse that rings of reasonableness," *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Constr.*, 88 F. Supp. 3d 250, 264 (S.D.N.Y. 2015). While the Opposition argues that Mr. Isaacs and Mr. Gleason wanted to produce documents but were hamstrung by an "unwilling[]" client, Opp. at 20, absolutely nothing about their months of obstructionist and dilatory conduct throughout the litigation, described above, supports this blame-the-client assertion.

As Mr. Isaacs admitted, he and Mr. Gleason never even attempted to collect or review Plaintiff's emails or text messages before the case was filed or between March 18, 2022, when Defendant demanded them, and July 15, 2022, when the Court for *a third time* ordered counsel to comply with discovery obligations. *See* ECF No. 42 (July 15, 2022 Tr.) at 15:3 (MR. ISAACS: "My client only provided me with a couple of emails."). Instead, they continued to rely on Plaintiff herself to compile a complete document production, which they made no effort to verify actually constituted the complete universe of responsive documents (it did not). *Id.* at 6:18–21 ("I followed up with do you have extra emails, and she says I'm going to look, and got back. She has some texts, a couple emails, but not much, and I will send them."). "[S]uch a failure by [counsel] in the face of [Defense] counsel's constant complaints of no adequate search and demonstrations of inadequate production rises far above carelessness to willfulness." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 215 (S.D.N.Y. 2003).

2.  **The Violations Were Continuous, Even After Multiple Warnings from the Court**

Addressing factors three and four, the duration of non-compliance, and whether Mr. Isaacs and Mr. Gleason had been warned they could face sanctions, the Opposition leaves Defendant's argument, Opening Br. at 23–24, entirely unrebutted. It fails to address *any* of Mr.

7

Isaacs and Mr. Gleason's discovery misconduct that led the Court to warn Mr. Isaacs that "there is a line that you're about to cross" and that the Court would "absolutely . . . entertain sanctions motions." ECF No. 42 (July 15, 2022 Tr.) at 18:6–20. The Opposition also fails to address why the failure to meet discovery obligations continued even after the Court twice issued Orders directing Mr. Isaacs' and Mr. Gleason's compliance. ECF Nos. 27 & 30. The only conclusion to draw from the Opposition's lack of response is that there is none. The Court should consider Mr. Isaacs and Mr. Gleason's violation of the July 15 Order in context with the months of discovery misconduct that made that Order necessary in the first place.

    **3.    Mr. Isaacs and Mr. Gleason Have Yet to Face Any Consequences**

For the second factor, the efficacy of lesser sanctions, the Opposition states that "the dismissal was a sufficient result; and . . . a fee award on top of that would be greater than necessary to comply with the purposes of Rule 37." Opp. at 23. But Plaintiff's voluntary dismissal of her own action was not a sanction. At the time of dismissal, Mr. Isaacs and Mr. Gleason were desperately trying to extricate themselves from the case, and had already filed a (noncompliant and misleading) notice of withdrawal. *See* ECF No. 38. Plaintiff's dismissal of the action can hardly be characterized as punitive against Mr. Isaacs and Mr. Gleason. After spending one year flouting discovery obligations, prejudicing the defense, driving up Defendant's litigation costs, and wasting this Court's time, they have to date gotten off scot-free.

**C.    A $50,000 Sanction Is Warranted**

The Opposition objects to the imposition of a $50,000 sanction on the basis that "Rule 37(b) plainly states that a fee award for failure to comply with a discovery order must be determined by examining 'the reasonable expenses, including attorney's fees, caused by the failure . . . .'" Opp. at 24. The Opposition misleadingly omits critical language from that section of the rule, which states "***instead of or in addition to the orders above*** [providing a list of

8

sanctions a court can impose], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses . . . ." FRCP 37(b)(C) (emphasis added). In other words, an order directing payment of specific fees or costs is only one sanction available to the Court.

There is no requirement under Rule 37 that the Court award attorneys' fees rather than an appropriate monetary fine.[6] "Rule 37 lists a menu of possible remedies," and a "court may also levy monetary sanctions against a violating party in lieu of or in addition to the sanctions outlined in Rule 37(b)(2)(A)." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010). In *Nycomed*, the court imposed under Rule 37 a "compensatory fine of $100,000 payable to [the moving party] to cover a portion of its costs, and an additional monetary fine of $25,000 payable to the Clerk of the Court." *Id.* at *11. In imposing this sanction, the *Nycomed* court "considered and, for several reasons, rejected ordering an award of 'reasonable attorneys' fees,'" noting that due to the "protracted nature of the dispute, to invite filings concerning the reasonableness of [the moving party's] attorneys' fees would only spawn more litigation and delay . . . ." *Id.*

The Opposition also argues that "given the short period from July 22 through July 28, the reasonable expenses incurred by the failure to produce documents on July 22 must be negligible." Opp, at 24. The Opposition again ignores the months and months of discovery misconduct that precipitated the July 15 Order, which independently warrants the imposition of sanctions under Rule 37 given the Court's multiple orders directing Mr. Isaacs and Mr. Gleason's compliance. *See* ECF Nos. 27; 30; 36; *supra* Argument A.1. The Opposition's

---

[6] The Court may also impose a monetary fine as a sanction under its inherent authority. *See Merck Eprova AG v. Gnosis S.P.A.*, 2010 WL 1631519, at *6 (S.D.N.Y. Apr. 20, 2010) (imposing "a fine of $25,000" to "deter future misconduct . . . and to instill in Defendants some modicum of respect for the judicial process").

"argument improperly conflates the condition precedent for the imposition of a sanction pursuant to Rule 37(b) with the scope of the sanctions that can be imposed pursuant to Rule 37(b)." *Auscape Intern. v. Nat. Geographic Soc'y*, 2003 WL 21976400, at *6 (S.D.N.Y. Aug. 19, 2003). "Nothing in the Rule prohibits a court from imposing attorneys' fees incurred prior to the date of the violation, if the court finds that such a sanction is 'just.'" *Id.*

A $50,000 sanction represents a fraction of the attorneys' fees and costs Defendant incurred pursuing timely and compliant discovery from Plaintiff throughout the litigation—by writing countless emails and multiple letters to Mr. Isaacs and Mr. Gleason and to the Court, reviewing deficient productions and discovery responses, preparing detailed summaries of the deficiencies for Mr. Isaacs and Mr. Gleason, and preparing for and appearing at court conferences. Nevertheless, if the Court would like Defendant to submit specific legal invoices, Defendant is happy to do so.

In addition to the $50,000 fine, Defendant also seeks the fees incurred in bringing this motion for sanctions—"the minimum sanction contemplated by Rule 37 in cases where there has been a failure to comply with a court-ordered discovery obligation." *Worldcom Network Servs., Inc. v. Metro Access, Inc.*, 205 F.R.D. 136, 143 (S.D.N.Y. 2002). The Opposition did not address this demand and thus conceded the issue. *See In re Turquoise Hill Resources Ltd. Sec. Litig.*, 2022 WL 4085677, at *32 (S.D.N.Y. Sep. 2, 2022) (collecting cases).

## CONCLUSION

For the foregoing reasons, the Court should award Defendant sanctions against Mr. Isaacs and Mr. Gleason in the amount of $50,000, plus fees incurred in bringing this motion.

Dated: December 9, 2022  
       New York, NY

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/Orin Snyder  
    Orin Snyder  
    Brian Ascher  
    Greta Williams  
    Jeremy Bunting  
    Alexandra Perloff-Giles  
    200 Park Avenue  
    New York, NY 10166-0193  
    Telephone: 212.351.4000  
    OSnyder@gibsondunn.com  
    BAscher@gibsondunn.com  
    GBWilliams@gibsondunn.com  
    JBunting@gibsondunn.com  
    APerloff-Giles@gibsondunn.com

    Andrea Schillaci  
    Hurwitz & Fine, P.C.  
    1300 Liberty Building  
    Buffalo, NY 14202  
    Telephone: 716.849.8900  
    AS@hurwitzfine.com

*Attorneys for Defendant*